## Vandergrift Borough *v.* Polito, Appellant.

Argued October 6, 1959. Before JONES, C. J., BELL, JONES, COHEN, BOK and McBRIDE, JJ.

*Frank J. Zappala, Jr.,* with him *Zappala & Zappala,* for appellant.

*Carroll Caruthers,* with him *Joseph Ceraso,* for appellees.

OPINION BY MR. JUSTICE McBRIDE, November 24, 1959:

The appellant, a policeman, was suspended by the Burgess of a borough and thereafter removed from his position by the civil service commission of that borough, which action was sustained by the common pleas court. He now appeals to this Court contending (a) he was entitled to a jury trial on the ground that criminal conduct was alleged against him; (b) that the "hearing" required by the statute was not held.

This Court reviews the action of the court below in a nature of broad certiorari. "We therefore look beyond jurisdiction of the court below and regularity of

the proceedings to determine, by examining the testimony, whether the findings are supported by evidence or whether the court was guilty of an abuse of discretion in such connection or an error of law. . . ." *Bell Appeal*, 396 Pa. 592, 610, 611, 152 A. 2d 731.

Under Article XI, §1184, of the Act of May 4, 1927, P. L. 519, as codified, 53 P.S. §46184, it is provided that a borough policeman may be removed, inter alia, for "(3) violation of any law of this Commonwealth, which provides that such violation constitutes a misdemeanor or felony." This policeman was charged with adultery which is a misdemeanor under the Act of June 24, 1939, P. L. 872, §505, 18 P.S. §4505. There was ample evidence to sustain the charge but the policeman contends that since the conduct on which he was dismissed constituted a criminal offense, he was entitled to be tried by a jury. There is no merit to this contention. The civil service commission has valid statutory power to remove persons from police positions for conduct that is personal to the policeman and which would, if proved, constitute a disability to perform his duties. That such conduct may also constitute a criminal offense does not oust that power. The civil service commission is determining only his statutory right to continued employment, not his liability to be fined or imprisoned. The statute does not make "conviction" a condition precedent to discharge but only violation. The civil service commission is just as much entitled, for administrative purposes, to determine, at a statutory hearing, that the policeman violated the law as would a court and jury be entitled to determine the same question at a criminal trial.

The second contention of the policeman is that upon his request he was entitled to a hearing and that at such hearing he was entitled to "be present in person and by counsel", and that "A stenographic record of all testimony taken at such hearings shall be filed with,

and preserved by, the commission, . . .". Act of May 4, 1927, P. L. 519, Art. XI, §1185, as amended, 53 P.S. §46185. This policeman did request a hearing and testimony on both sides was taken. Prior to determination by the commission of the question whether the policeman had violated the law, it received a confidential letter from the chief of police supporting the testimony of a witness against the policeman. The chief, while offering to appear and state under oath what he stated in the letter, ended it as follows: "I have every reason to believe that the commission will keep the contents of this letter in strict confidence." The commission did so. The commission also heard another witness, in the absence of the policeman and his counsel, and discussed matters contained in the record of the hearing. It is quite clear that the policeman had no constitutional right to become employed by the borough; but once employed, he had the statutory right not to be dismissed without the civil service commission having complied with the mandatory provision of the law which required that he be given a "hearing".

We are not here reviewing a case where an administrative tribunal merely received some evidence which was hearsay but a case where evidence was secretly received and acted upon in clear defiance of the requirement of the statute. Honesty and good faith on the part of the commissioners cannot supply this defect in their conduct. *Hill v. Alexander*, 338 Pa. 26, 11 A. 2d 884. This is true even if, as contended by the borough, there was sufficient evidence *aliunde* to sustain the action of the commission. A hearing necessarily requires notice and an opportunity to defend. That is what distinguishes it from an investigation. The hearing must at least meet the standards set up by this Court and the Superior Court in the cases cited in *Phillips v. Unemployment Compensation Board of Review*, 152 Pa. Superior Ct. 75, 81, 82, 30 A. 2d 718, and *Shenandoah Suburban*

*Bus Lines, Inc., Case,* 158 Pa. Superior Ct. 638, 644, 46 A. 2d 26. In *Shenandoah,* the Superior Court said: "In hearings before the commission all parties must be apprised of the evidence submitted, and must be given opportunity to cross-examine witnesses; to inspect documents and to offer evidence in explanation or rebuttal according to well understood rules. In no other way can a party maintain its right, or make a defense, or test the sufficiency of the facts to support the finding. Philadelphia Rapid Transit Co. v. Public Service Commission, 78 Pa. Superior Ct. 593. And while the commission is an administrative body, and even where it acts in a quasi-judicial capacity and is not limited by the strict rules as to the admissibility of evidence which prevail in suits between private parties, the more imperative it is to preserve the essential rules of evidence by which rights are asserted or defended. Interstate Commerce Commission v. Baird, 194 U. S. 25. Otherwise, even though it appeared that the order was without evidence, the manifest deficiency could always be explained on the theory that the commission had before it extraneous, unknown, but presumptively sufficient information to support the finding. United States v. Baltimore & Ohio S. W. R. R., 226 U. S. 14; Interstate Commerce Commission v. Louisville & Nashville R. R., 227 U. S. 88, 93."

The order of the court below is reversed and the record is remanded to that court with direction that the matter be sent back to the civil service commission for a new, unbiased hearing, at which the procedural and substantive statutory rights of the policeman will be protected.

Reversed and remanded.