## Shellem *v.* Springfield School District (Appeal of Springfield School District).

Argued September 8, 1972, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*D. Barry Gibbons,* with him *George P. Noel* and *Gibbons, Buckley & Smith,* for appellant.

*Joseph L. Monte, Jr.,* with him *Eckell, Sparks, Vadino, Auerbach & Monte,* for appellee.

OPINION BY JUDGE MENCER, November 13, 1972:

In September of 1969, the School Board of the Springfield School District (Springfield) engaged Paul J. Shellem (Shellem) as a "long-term substitute" to teach mathematics for the school year 1969-1970, at a salary of $7170. No written contract was executed between the parties but, as a condition of employment, Shellem was to obtain teaching credits by attendance at a college which would certify his enrollment, and thereby he would be permitted to obtain a necessary Interim Teaching Certificate from the Commonwealth. Springfield agreed to reimburse Shellem for one-half the tuition cost upon completion of the credits.

Shellem soon encountered difficulties with the school administration, and his teaching performance was rated, in December, 1969, as "unsatisfactory." During January 1970 the school Principal discussed with Shellem his alleged deficiencies as a teacher and suggested

that he resign. A subsequent interview with the Superintendent of the Springfield schools led to the same suggestion.

On January 21, 1970, Shellem was informed by the Superintendent that there was "no out" for him except resignation or dismissal. Shellem then requested a public hearing before the School Board. The Superintendent informed him that a meeting would be arranged at which the charges and proof against him would be presented but that the meeting would not be public, nor would he be permitted to bring witnesses or an attorney.

The relevant developments thereafter are well summarized in the lower court's opinion as follows:

"On Tuesday or Wednesday of the following week, January 27-28, 1970, Shellem received a letter from the Superintendent informing him of a special meeting of the School Board to be held on Thursday evening at 8 P.M. (January 29, 1970). He was again directed not to bring witnesses or an attorney.

"Plaintiff, together with another teacher, attended the private meeting of the School Board on the 29th. The Solicitor for the Board was not present. The Principal, Mr. Smith, outlined generally the basis for dismissal. Shellem answered the charges. The Board decided to dismiss him.

"On February 2, 1970, at a regular meeting of the School Board, it adopted a Resolution dismissing Shellem.

"The evidence before this Court discloses certain uncontradicted facts, and several gaps in the chain of events. Neither party attempted to fill the gaps with available evidence.

"First, Plaintiff received oral notice of deficiencies from the Assistant Principal, Mr. Gartside, from his Principal, Mr. Smith, and from the Superintendent, Dr.

Grove. But no notice of deficiencies or charges ever emanated from the School Board.

"Second, the notice of the School Board meeting of January 29, 1970, came from the Superintendent, and it gave Plaintiff, at most, two days' notice.

"Third, the notice letter was not produced.

"Fourth, the meeting of the Board was an executive session, and no record of the proceedings was offered into evidence.

"Fifth, the record before this Court is silent as to the charges made, the proof adduced in support thereof, and of any defense, explanation or rebuttal made at the Board meeting. All we know is that Mr. Smith, the Principal, was there. The 'basis' for Plaintiff's dismissal was made known to him. He did 'answer.' "

Shellem filed an action in mandamus to compel his reinstatement as a teacher and to recover money damages for breach of his contract of employment. The lower court ruled that mandamus was proper under the factual situation. It further concluded that Shellem was a substitute teacher for a fixed term and entitled, on his demand, to a hearing on removal charges under Section 514 of the Act of March 10, 1949, P. L. 30, art. V, 24 P.S. §5-514. The lower court determined that Shellem was not provided the required hearing to which he was entitled and ordered his reinstatement as a substitute teacher and reimbursement for unpaid salary and tuition costs. Springfield filed exceptions to the order of reinstatement and, on November 9, 1971, the lower court en banc dismissed the said exceptions and affirmed its earlier order of February 26, 1971. Springfield thereafter filed this timely appeal.

We are here confronted with whether Shellem was provided the hearing to which he was legally entitled and whether the lower court should have remanded the case for the holding of a proper hearing rather than

ordering Shellem's reinstatement as a substitute teacher.

This appeal does not bring before us the lower court's determination that, under the Public School Code,[1] Shellem was a substitute employee and not a professional employee or temporary professional employee.

Section 5-514 of the Public School Code, 24 P.S. §5-514, provides in part that "[t]he board of school directors in any school district, except as herein otherwise provided, shall after due notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to remove any of its officers, employes, or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct."

In *Vandergrift Borough v. Polito,* 397 Pa. 538, 541-42, 156 A. 2d 99, 101 (1959), the Supreme Court stated that "[a] hearing necessarily requires notice and an opportunity to defend. That is what distinguishes it from an investigation. . . . '. . . [A]ll parties must be apprised of the evidence submitted, and must be given opportunity to cross-examine witnesses; to inspect documents and to offer evidence in explanation or rebuttal according to well understood rules. . . .' "

Here there is no question that Shellem requested a hearing or that he was informed on two occasions that he should not bring witnesses or an attorney to the school board meeting which Springfield now wishes to convert to a legally sufficient hearing. We agree with the lower court that Shellem was not provided a hearing as required by Section 514 of the Public School Code, 24 P.S. §5-514. Further, we believe that Shellem was not afforded the hearing required by the Local

---

[1] Act of March 10, 1949, P. L. 30, as amended, 24 P.S. §§1-101 et seq.

Agency Law of 1968, Act of December 2, 1968, P. L. , No. 353, 53 P.S. §11301 et seq. (Supp. 1971). *Cf. Smethport Area School District v. Bowers,* 219 Pa. Superior Ct. 269, 280 A. 2d 632 (1971).

The more troublesome problem on this appeal is whether the lower court erred in reinstating Shellem rather than remanding the case to Springfield for the purpose of holding the hearing to which Shellem was entitled.

In *Donnon v. Downingtown Civil Service Commission,* 3 Pa. Commonwealth Ct. 366, 283 A. 2d 92 (1971), we held that a borough police officer was not afforded the due process hearing before the Civil Service Commission to which he was entitled and that the case should properly be remanded for a hearing. Judge CRUMLISH, JR., speaking for this Court, aptly stated: ". . . [T]his case is similar to and controlled by a myriad of cases, heretofore decided, in which improper procedural methods have dictated a contingent reversal of the agency's decision. Remand for a proper hearing regardless of the result, insures the integrity of administrative process. *Pennsylvania State Athletic Commission v. Bratton,* 177 Pa. Superior Ct. 598, 112 A. 2d 422 (1955); *Vivio Motor Vehicle Operators License Case,* 209 Pa. Superior Ct. 90, 224 A. 2d 777 (1966)." 3 Pa. Commonwealth Ct. at 370-71, 283 A. 2d at 94.

Our Supreme Court reasoned likewise in *Vandergrift Borough v. Polito, supra,* and recently in *Brentwood Borough School District Appeal,* 439 Pa. 256, 267 A. 2d 848 (1970), it vacated the order of the lower court which had required the Board of School Directors of Brentwood Borough to retain and reinstate the teacher-appellee as a professional employee and remanded the record to permit the teacher-appellee to request a hearing. We think such procedure is wise and controlling.

Accordingly, the order of the Court of Common Pleas of Delaware County, reinstating Paul J. Shellem as a substitute teacher in and for the School District of Springfield, is reversed, and that Court is hereby directed to remand the matter to the Board of School Directors of the School District of Springfield for a hearing and disposition not inconsistent with this opinion.

Reversed and remanded.