Commonwealth of Pennsylvania, Department of Education and Ruth Lesley, Intervening Appellee *v.* Oxford Area School District, Appellant.

Argued February 3, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*C. Richard Morton,* for appellant.

*Edward A. Miller,* Assistant Attorney General, for appellee.

*Alexander A. DiSanti,* with him *Richard, Brian, DiSanti & Hamilton,* for intervening appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, April 27, 1976:

This is an appeal from an order of the Secretary of Education (Secretary) requiring the Oxford Area School District to reinstate a teacher as a professional employee and grant her a sabbatical leave of absence for health reasons for the 1974-75 school year.

The facts are not disputed. On May 24, 1974, Ruth Lesley, a tenured teached with some ten (10) years experience in the Oxford Area School District, was involved in a shoplifting incident at a local supermarket. Upon learning of this, the District Superintendent investigated the matter and met with Mrs. Lesley to discuss the incident. After she admitted concealing merchandise, the Superintendent suggested that she resign. Mrs. Lesley agreed and started to write a resignation letter, but decided to wait and submit one later. At this time, she was suspended from teaching duties.

Instead of submitting a letter of resignation, Mrs. Lesley requested a sabbatical leave for restoration of health as provided in Section 1166 of the Public School Code of 1949[1] (Code). The Superintendent confirmed that this request would be acted upon. However, no action was taken, nor was a formal application ever submitted, due to the fact that the School Board of Directors (Board), upon the Superintendent's recommendation, had decided to proceed with a hearing on charges of incompetency and immorality based on the shoplifting incident.

The hearing was held on September 10, 1974. Since the hour was late when the hearing concluded, the Board postponed making a decision. On September 16, 1974, the Board held a private session to deliberate what action to take. The Superintendent, who had testified at the hearing as a witness for the Board, was present at this

---

1. Act of March 10, 1949, P. L. 30, *as amended*, 24 P. S. §11-1166.

session. He was asked and responded to a number of questions from Board members concerning Mrs. Lesley's future job opportunities and her effectiveness as a teacher in light of the shoplifting incident. The Board then voted six to nothing (three members being absent) to dismiss Mrs. Lesley.

Mrs. Lesley appealed to the Secretary, contending that the charges were not supported by substantial evidence and that the Superintendent's participation in the Board deliberations constituted a violation of the procedural requirement for the dismissal of a tenured professional employee provided in the Code. The Secretary sustained her appeal on the procedural question only and issued the order from which this appeal was taken.

Procedural requirements for the dismissal of a tenured professional employee are essentially embodied in Sections 1127 and 1129 of the Code, 24 P. S. §§11-1127, 11-1129. Section 1127 provides in pertinent part:

"Before any professional employee having attained a status of permanent tenure is dismissed by the board of school directors, such board ... shall conduct a hearing ... At such hearing *all testimony offered,* including that of complainants and their witnesses, as well as that of the accused professional employee and his or her witnesses, *shall be recorded* by a competent disinterested public stenographer...." (Emphasis added.)

Section 1129 provides in pertinent part:

"After fully hearing the charges or complaints and hearing all witnesses ... and after full, *impartial and unbiased* consideration thereof, the board of school directors shall ... determine whether such charges or complaints have been sustained and whether the evidence substantiates such charges and complaints, and if so determined shall discharge such professional employee...." (Emphasis added.)

It is well established that this statutorily prescribed procedure must be strictly followed and that no material deviation therefrom is permissible. *Abington School Board v. Pittenger,* 9 Pa. Commonwealth Ct. 62, 305 A.2d 382 (1973); *Swink's Case,* 132 Pa. Superior Ct. 107, 200 A. 200 (1938).

The Secretary determined that the Superintendent's participation in the Board deliberations, in view of his previous role in the case, violated the mandate of Section 1129 that the Board's consideration be impartial and unbiased. In addition, the Secretary found that the Superintendent's answers to questions by members of the Board constituted the giving of additional unrecorded testimony in violation of Section 1127. Upon these grounds and relying on *Horn v. Township of Hilltown,* Pa. , 337 A.2d 858 (1975), the Secretary found that the mere presence of the Superintendent during the Board's deliberations created an impermissible appearance of possible prejudice which justified reversing the Board's decision.

Appellant School District argues first that the Secretary's reliance on *Horn v. Township of Hilltown, supra,* is misplaced in view of the facts distinguishing that case from the present one. In *Horn,* the same attorney represented both the Zoning Hearing Board of Hilltown Township and Hilltown Township itself which was opposing Horn's application for a variance. At the hearing, this attorney not only presented the Township's case, but also conducted the hearing and ruled on evidence. Then, at the adjudicatory stage, the same attorney acted as counsel to the Zoning Hearing Board. Appellant argues that there was no similar commingling of prosecutorial and judicial functions in the present case and that the Secretary has made an impermissible extension of the *Horn* holding.

While we agree that the present case does not involve the commingling of prosecutorial and judicial functions found objectionable in *Horn, supra,* and, more recently in

*Dussia v. Barger,* Pa. , 351 A.2d 667 (1975), we do think that the Secretary's determination of this issue is supported by *Horn* as well as *Vandergrift Borough v. Polito,* 397 Pa. 538, 156 A.2d 99 (1959) and *Donnon v. Downingtown Civil Service Commission,* 3 Pa. Commonwealth Ct. 366, 283 A.2d 92 (1971).

In *Horn,* our Supreme Court held that the commingling of functions described above denied due process to the applicant for a variance. Mr. Justice O'BRIEN, speaking for the Court, stated:

"[W]e are presented with a governmental body charged with certain decision-making functions *that must avoid the appearance of possible prejudice,* be it from its members *or from those who advise* it or represent parties before it . . . While no prejudice has been shown by this conflict of interest, it is our opinion that such a procedure is susceptible to prejudice and, therefore, must be prohibited." Pa. at , 337 A.2d at 860. (Emphasis added.)

We think this language is appropriate and controlling in the present case.

Additional support for the Secretary's determination is found in *Donnon v. Downingtown Civil Service Commission, supra.* In *Donnon,* the actions of a borough solicitor who assisted in preferring charges against a borough police officer, sat as advisor to the civil service commission and presided over the hearing, were held to violate the officer's right to due process, even without a showing of actual prejudice or a showing that the solicitor actually participated in the ultimate decision. In the present case, the Superintendent testified at the hearing as a witness against the employee and then participated in the rendering of the ultimate decision. We find that this procedure, like that followed in *Donnon,* did not reasonably safeguard the employee's statutory right to an impartial and unbiased decision. We emphasize that it is the Superintendent's role as an adverse witness that is crucial to this

case; the fact that he initially investigated the shoplifting incident and recommended a hearing is not, in our view, sufficient to indicate any bias that would render his participation in the adjudicatory phase objectionable.

We also affirm the Secretary's determination that the Superintendent's answers to questions of Board members constituted the giving of additional testimony in violation of Section 1127 of the Code. In *Vandergrift Borough v. Polito, supra,* our Supreme Court held that where a borough commission, prior to its determination of charges against a policeman, received a confidential letter supporting testimony of a witness against the policeman and also heard another witness in the absence of the policeman and his counsel, the policeman was deprived of his right to a hearing in accordance with statutory procedures similar to those provided in Section 1127 of the Code. The Court emphasized that the opportunity to cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal is a fundamental characteristic of any meaningful hearing. The employee in this case was denied that opportunity with regard to the statements of the Superintendent made during the Board's deliberations.

The School District argues that there is no evidence that the Superintendent influenced the Board's decision and that under the holding of *Withrow v. Larkin,* 95 S. Ct. 1456 (1975), the employee must overcome a presumption of the honesty and integrity of the members of the adjudicative Board.

While we note in passing that the Secretary explicitly found that actual prejudice had resulted in this case, we emphasize that under the decisions in *Horn* and *Donnon, supra,* no such showing was required. Further, although there is every indication that the Board acted in good faith and that the violation here was totally inadvertent, this cannot overcome the defect in procedure. *See Polito, supra,* 397 Pa. at 541, 156 A.2d at 101. Finally, we note

that *Withrow, supra,* did not involve statutorily prescribed procedural safeguards such as are found here. The facts in this case disclose, at least, noncompliance with the applicable statutory procedural safeguards, designed to avoid partiality or bias. This in itself is sufficient to justify the Secretary's conclusion on this issue.

The School District next argues that the Superintendent was entitled to be present during the Board's deliberations under Section 1081 of the Code, 24 P.S. §10-1081, which provides that the Superintendent shall have a seat on the Board and the right to speak on all matters but not to vote.

We are not convinced that the employee's right to an unbiased adjudication may be compromised because of the Superintendent's broadly stated statutory right to sit on the Board and participate in its deliberations. The vice lies in the two capacities in which he participated in this administrative adjudication. Having chosen to wear the hat of an adverse witness, he cannot then don the hat of a nonvoting Board member even though otherwise entitled to do so. We cannot allow such an elevation of form over substance, regardless of the good faith or integrity of those involved.

While we agree with the Secretary's determination that a violation of the statutory procedure has occurred, we do not agree that he properly ordered reinstatement and sabbatical leave. This Court, as well as our Supreme Court, has generally adhered to the view that where procedural defects have occurred, the proper remedy is a remand for a proper procedural disposition.[2]

---

2. *Horn v. Township of Hilltown, supra; Vandergrift Borough v. Polito, supra; Pennsylvania Department of Education v. Charleroi Area School District,* 22 Pa. Commonwealth Ct. 56, 347 A.2d 736 (1975); *Shellem v. Springfield School District,* 6 Pa. Commonwealth Ct. 515, 297 A.2d 182 (1972); *Donnon v. Downingtown Civil Service Commission, supra.*

Ruth Lesley, as intervening appellee here, contends that there is a line of cases, including *Gardner v. Repasky*, 434 Pa. 126, 252 A.2d 704 (1969), in which conclusive relief was granted and that these cases are distinguished from those in which remand was ordered on the basis of a finding of actual prejudice.

Our analysis of these cases reveals no support for this contention. Moreover, Judge CRUMLISH, speaking for this Court, in *Donnon, supra,* specifically distinguished *Gardner* on other grounds:

> "We do not agree with the court below and argument of appellee that the appropriate judicial remedy is conclusive reversal. Appellee relies on *Gardner v. Repasky, supra,* where the court based its refusal to remand upon 'the long delays and the looseness of the procedure.' The case before us does not indicate such a blatant disregard of the total concept of due process as was found in Gardner. We hold that this case is similar to and controlled by a myriad of cases, heretofore decided, in which improper procedural methods have dictated a contingent reversal of the agency's decision. Remand for a proper hearing regardless of the result, insures the integrity of administrative process." 3 Pa. Commonwealth Ct. at 370-71, 283 A.2d at 94.

This view is equally appropriate in the present case, particularly in light of the Secretary's finding that the violations were the result of inadvertence and that the School District's effort to be fair was otherwise impressive.

There remains only the question of the authority of the Secretary to order the Board to grant the employee a sabbatical leave. We conclude that the Secretary exceeded his authority and that this portion of the order must be reversed.

Section 1131 of the Code, 24 P. S. §11-1131, provides for the procedure on appeal to the Secretary of Education

from decisions of local school boards. That section provides, in part:

> "After hearing and argument and reviewing all the testimony filed or taken before him, the Superintendent of Public Instruction [Secretary] shall enter such order, *either affirming or reversing* the action of the board of school directors, as to him appears just and proper." (Emphasis added.)

The Secretary's authority is limited by Section 1131 to either affirmining or reversing the action of the Board. Consequently, the Board must take some action before it can be the subject of an appeal to the Secretary. In this case, the Board never took action on the matter of the sabbatical leave, and the Secretary had no authority to order that such leave be granted.

Accordingly, we make the following

ORDER

Now, April 27, 1976, the order of the Secretary of Education reinstating Ruth Lesley and granting her a sabbatical leave of absence for health for the 1974-75 school year is reversed. The matter is remanded to the Secretary of Education for remand to the Board of School Directors of the Oxford Area School District for further proceedings not inconsistent with this opinion.