The School District of Philadelphia, Petitioner *v.* Harris Twer et al., Respondents.

Argued February 6, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT, DISALLE and CRAIG. Judges MENCER and MACPHAIL did not participate.

*Vincent J. Salandia,* with him *Eugene F. Brazil,* for petitioner.

*Barry J. Wohlman* and *Leonard M. Sagot,* with them *Joseph S. Hocky,* and, of counsel, *Sagot & Jennings,* for respondents.

OPINION BY JUDGE ROGERS, April 10, 1979:

The Board of Education of the School District of Philadelphia has appealed from an order of the Secretary of Education directing it to reinstate, without loss of pay, all professional employees who had been demoted by a School Board resolution adopted June 30, 1977. We affirm the Secretary's order.

In the throes of its perennial funding difficulty, the Board of Education on May 31, 1977 adopted a budget providing for a reduction in annual expenses of $173,000,000. To meet this requirement, the School Board decided to lay off approximately 10,000 employees and to demote an additional 240. On the morning of June 30, 1977, the School Board conducted

what it calls a joint hearing for all of the professional employees scheduled for demotion. The event was in fact, however, only a meeting of representatives of the School Board with the employees at which the former explained why the demotions were necessary. On the afternoon of the same day the School Board adopted a resolution effecting the demotions and providing that individual hearings would be arranged for persons who requested them but that the determinations of the School Board made after such hearings would have effect retroactive to June 30, 1977.

The appellees here appealed the School Board's actions of June 30, 1977 to the Secretary of Education who held that the demotions were not valid because the School Board had failed to comply with the requirements of Sections 1127 and 1151 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§11-1127 and 11-1151. As we have noted, the Secretary ordered the demoted professional employees to be reinstated without loss of pay.

The School Board does not contend that the Secretary erred in holding that the "joint hearing" conducted on the morning of June 30, 1977 did not satisfy the procedural requirements of Sections 1127 and 1151 of the Code; it says that the Secretary erred after so concluding in ordering reinstatement without loss of pay rather than remanding the matter to the School Board for the conduct of individual hearings. In support of its argument that remand was the proper remedy, the School Board cites *Commonwealth Department of Education v. Oxford Area School District,* 24 Pa. Commonwealth Ct. 421, 356 A.2d 857 (1976), where we wrote:

> While we agree with the Secretary's determination that a violation of the statutory procedure has occurred, we do not agree that he properly ordered reinstatement and sabbatical

leave. This Court, as well as our Supreme Court, has generally adhered to the view that where procedural defects have occurred, the proper remedy is a remand for a proper procedural disposition. (Footnote omitted.)

24 Pa. Commonwealth Ct. at 428, 356 A.2d at 861-62. In the case just cited and others[1] which were remanded for a proper hearing, a hearing had in fact been conducted but had been marred by procedural defects. The rule is different, however, where no hearing at all was afforded. In this case the remedy is reinstatement without loss of pay. Hence, in *Black v. Wyalusing Area School District,* 27 Pa. Commonwealth Ct. 176, 365 A.2d 1352 (1976), where the professional employee was demoted entirely without hearing, we affirmed the Secretary's order requiring reinstatement, as we believe the Code plainly requires. Section 1151, 24 P.S. §11-1151 accords professional employees marked for demotion the same hearing rights as those proposed to be dismissed, and Section 1127, 24 P.S. §11-1127 requires notice and a hearing "[b]efore any professional employee ... is dismissed." Obviously, if the employee may not be demoted without prior notice and hearing, he is entitled to all of the things appertaining to his position until notice and hearing is provided—that is, if he has been ousted in fact, to reinstatement without loss in pay.[2]

[1] *See,* for example, the following cases involving professional employees of school districts: *Commonwealth, Department of Education v. Oxford Area School District,* 24 Pa. Commonwealth Ct. 421, 356 A.2d 857 (1976); *Kudasik v. Board of Directors, Port Allegany School District,* 23 Pa. Commonwealth Ct. 208, 350 A.2d 887 (1976); *Shellem v. Springfield School District,* 6 Pa. Commonwealth Ct. 515, 297 A.2d 182 (1972).

[2] *See McKelvey v. The Colonial School District,* 35 Pa. Commonwealth Ct. 264, 385 A.2d 1040 (1978), where this principle was applied to the case of a temporary professional employee refused a Local Agency Law hearing.

Of course, the "joint hearing" given the demoted employees on June 30, 1977 bore no resemblance at all to the hearing described in Sections 1127, 1128 and 1129 of the Code, 24 P.S. §§11-1127, 11-1128, 11-1129. It was no hearing at all and reinstatement without loss of pay was the proper remedy.

The School District contends that its action of demoting the appellees after the "joint hearing" with provision for proper hearings upon request followed by decisions effective retroactively to the demotion action is supported by the case of *Kaplan v. Philadelphia School District,* 388 Pa. 213, 130 A.2d 672 (1957). There, the Supreme Court held that the Philadelphia Superintendent of Schools had inherent power to suspend a teacher who refused to respond to questions of a Congressional investigating committee in the field of subversive activities as a dangerous person and that the teacher was not entitled to pay while suspended awaiting hearing and decision on his proposed dismissal. The differences between that case and this are manifest and compelling. The Supreme Court saw the suspended teacher as an immediate and serious threat to the school children, a circumstance certainly not present here; and the salary in question there was accrued during a suspension required, the court believed, to protect the children, not after invalid demotions made to reduce School District expenses. Furthermore, in *Alberts v. Garofalo,* 393 Pa. 212, 142 A. 2d 280 (1958), the Supreme Court held that a supervising principal suspended for a cause other than those allowed by the Code was entitled to judgment in mandamus for reinstatement and for lost salary. The Court noted that the power to suspend during the pendency of a discharge, which was the concern in *Kaplan v. Philadelphia School District, supra,* was not involved in *Alberts v. Garofalo.* Nor is it here.

We affirm the Secretary of Education's order.

## ORDER

AND Now, this 10th day of April, 1979, the Order of the Secretary of Education of the Commonwealth of Pennsylvania dated August 26, 1977 is affirmed.

---

CONCURRING OPINION BY JUDGE CRUMLISH, JR.:

I must concur in the majority's conclusion that the appellees herein were not afforded a hearing that comported with the requirements of the Public School Code. However, I am obliged to observe, albeit gratuitously, that the strident reactions by the appellees and their advisors to the proposed layoffs and demotions, as well as their demands for a speedy resolution of their objections thereto, compelled the extraordinary manner in which the "hearing" was conducted. This stridence, which was also aired during oral argument before this Court, contravenes the clearly expressed intent of the legislature to promote and establish harmonious labor relationships and, ultimately, inures to the detriment of the school children.