Mary Burke Occhipinti, Petitioner *v.* Board of School Directors of the Old Forge School District, Respondent.

Argued November 15, 1979, before Judges CRUM-LISH, JR., DiSALLE and CRAIG, sitting as a panel of three.

*Peter J. O'Brien,* with him *O'Brien and Miller,* for petitioner.

*Peter W. Chapla,* for respondent.

OPINION BY JUDGE DiSALLE, December 17, 1979:

This is a petition for review of an order of the Secretary of Education (Secretary) affirming the action of the Board of School Directors (Board) of the Old Forge School District (School District) dismissing Mary Burke Occhipinti (Petitioner). We will reverse and remand.

On September 14, 1970, School District hired Petitioner on a one-year emergency certificate as a female physical education teacher. She held that position until her dismissal on May 31, 1977. Needing five courses to qualify for professional certification, Petitioner, in May of 1972, received from the Pennsylvania

Department of Education (Department) an interim certificate valid for five years. When that certificate expired in May of 1977, Petitioner still had not taken the five courses she needed for permanent certification. As a result, theBoard held a hearing on June 27, 1977, and voted to dismiss Petitioner, effective May 31, 1977. The Secretary, following an August 15, 1977 hearing, affirmed.[1]

Petitioner argues that she did not receive a fair and impartial hearing before the Board. We agree. The record indicates that School District's superintendent, Adam Hoynoski, appeared at the Board hearing on behalf of School District and testified against Petitioner. The record further indicates that Mr. Hoynoski was present during the Board's deliberations involving Petitioner and that he was asked and answered several questions about her. Having testified against Petitioner, Mr. Hoynoski should not have participated in the deliberations following the hearing.

In *Department of Education v. Oxford Schools,* 24 Pa. Commonwealth Ct. 421, 356 A.2d 857 (1976), we held that it was improper for a school superintendent to testify against a teacher and then participate in the school board's deliberations concerning that teacher. In response to the school district's contention that Section 1081 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §10-1081, permitted the superintendent to be present and speak out during the Board's deliberations, President Judge Bowman wrote as follows:

> We are not convinced that the employee's right to an unbiased adjudication may be compromised because of the Superintendent's

---

[1] The record indicates that during the summer of 1977, Petitioner took the five courses she needed and that in September of 1977, the Department issued to her a professional certificate in the area of health and physical education.

broadly stated statutory right to sit on the Board and participate in its deliberations. The vice lies in the two capacities in which he participated in this administrative adjudication. Having chosen to wear the hat of an adverse witness, he cannot then don the hat of a non-voting Board member even though otherwise entitled to do so. We cannot allow such an elevation of form over substance, regardless of the good faith or integrity of those involved.

*Oxford Schools*, 24 Pa. Commonwealth Ct. at 428, 356 A.2d at 861. This case is controlling and compels us to reverse and remand for a proper hearing.

#### ORDER

AND Now, this 17th day of December, 1979, the order of the Secretary of Education affirming the dismissal of Mary Burke Occhipinti is hereby reversed and the matter is remanded to the Secretary for remand to the Board of School Directors of the Old Forge School District for further proceedings consistent with this opinion.