Mary Burke Occhipinti, Petitioner *v.* Board of School Directors of the Old Forge School District, Respondent.

Board of School Directors of the Old Forge School District, Petitioner *v.* Mary Burke Occhipinti, Respondent.

Argued February 3, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Peter J. O'Brien, O'Brien and Miller,* for petitioner/respondent, Mary Burke Occhipinti.

*Paul L. Stevens,* with him *Jeffrey T. Tucker, Curtin & Heefner,* for respondent/petitioner, Board of School Directors of The Old Forge School District.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 23, 1983:

Mary Burke Occhipinti and the Old Forge District Board of School Directors (school board) cross-appeal a Department of Education order reinstating Occhipinti to her teaching position but refusing full back pay and seniority. We reverse.

Occhipinti held an interim teaching certificate, valid from May 1, 1972, through May 31, 1977. By May 31, 1977, Occhipinti had not satisfied the educational requirements necessary to maintain certification, so, on June 1, 1977, she lost her teaching certification and consequently was suspended. The school board and then the Secretary of Education (Secretary) sustained the suspension (later converted to termination), but we reversed in *Occhipinti v. Board of School Directors of the Old Forge School District,* 48 Pa. Commonwealth Ct. 56, 408 A.2d 1189 (1979), since Occhipinti had been denied a fair and impartial hearing.[1] The Secretary subsequently remanded the matter to the school board for a proper hearing on Occhipinti's dismissal.

At the second hearing, it was revealed that Occhipinti had completed the required courses and had been re-certified by September 1977. The school board, concluding that the re-certification did *not* affect Occhipinti's status *as of June 1, 1977,* reaffirmed her termination on June 25, 1981, although the only indication that a formal roll call vote was taken is a letter dated August 11, 1981.

---

[1] A witness adverse to Occhipinti's position had been a party to the school board's deliberation.

On appeal, the Secretary reversed, concluding that, since Occhipinti had become re-certified as of the second hearing, she was a professional employee and thus was entitled to the full procedural protection provided in the Public School Code of 1949 (School Code)[2] for the termination of professional employees. This protection includes a roll call vote regarding her dismissal. *See* Section 1129 of the School Code.[3] The Secretary, however, reasoned that, since Occhipinti had failed to perfect her certification within the period prescribed by her interim certificate, back pay and seniority was limited to the date of the school board's *second* decision to terminate (*i.e.*, June 25, 1981) when a formal roll call vote should have been taken.

Occhipinti contends that the Secretary erred by not ordering full back pay and seniority *from the date of her separation from employment (i.e.*, May 31, 1977).

The school board contends (1) that the Secretary erred in assuming jurisdiction of the appeal since Occhipinti was *not* a professional employee at the time of the original discharge; (2) that, if the Secretary had jurisdiction, the proper remedy, if a procedural error occurred, was to remand the matter to the school board; and (3) that no procedural error occurred in that the roll call vote, conducted two months after the decision to terminate was issued, was sufficient to meet the School Code's requirement for such a vote.

We conclude that the Secretary erred in determining that Occhipinti was a professional employee and, thus, we will not address the other arguments.

Although the Secretary has jurisdiction to determine an employee's status, *LaPorta v. Bucks County Public Schools Intermediate Unit No. 22*, 15 Pa. Com-

---

[2] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§1-101.

[3] 24 P.S. §11-1129.

monwealth Ct. 566, 327 A.2d 655 (1974), the Secretary incorrectly concluded that Occhipinti was a professional employee based on her re-certification *which occurred subsequent to her initial termination.* The date Occhipinti's interim certificate expired controls. When she received the interim certificate, Occhipinti knew that it would expire by its own terms on May 31, 1977. Consequently, as of June 1, 1977, she ceased to be a professional employee since she lacked the certificate which *is, by statute, fundamental to classification as a professional employee. See* Section 1101(1) of the School Code.[4] The school board's action of terminating her upon loss of her certified status is required by Section 1106 of the School Code.[5] It could not terminate her for loss of certificate until June 1, 1977, and at that point in time, she was not a professional employee.

Reversed.

## ORDER

The order of the Secretary of Education, dated November 24, 1981, in the appeal of Mary Burke Occhipinti is hereby reversed.

---

[4] 24 P.S. §11-1101(1).
[5] 24 P.S. §11-1106.