535 A.2d 299

Thomas H. Cox, Sr., William H. Crawford t/d/b/a C&C Auto Salvage, Appellants *v.* Township of Antis, Appellee.

Submitted on briefs September 30, 1987, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Paul V. Ressler, Ressler & Ressler,* for appellants.

No appearance for appellee.

Opinion by President Judge Crumlish, Jr., January 6, 1988:

The Antis Township Board of Supervisors (Board) denied Thomas Cox and William Crawford a license to operate a junkyard pursuant to Section 5 of Township Ordinance No. 66-1.[1] The Blair County Common Pleas Court affirmed. Cox and Crawford appeal;[2] we reverse and remand.

Cox and Crawford have operated an auto salvage yard in the township since 1977. In 1981 they purchased an adjacent parcel of land which separated their business from the Township Municipal Building. Prior to the purchase, the parcel had been used to store

---

[1] Junkyard Control, Ordinance No. 66-1, Section 5 provides: Issuance of License. Upon receipt of an application by the board, the board shall issue a license or shall refuse to issue a license to the person applying therefor after an examination of the application and taking into consideration the suitability of the property proposed to be used for the purposes of the license, the character of the properties located nearby, and the effect of the proposed use upon the township, both economic and aesthetic. In the event the board shall issue a license, it may impose upon the license and the person applying therefor, such terms and conditions in addition to the regulations herein contained and adopted pursuant to this ordinance as may be deemed necessary to carry out the spirit and intent of the ordinance.

[2] By Order of this Court, the Township of Antis was precluded from filing a brief in this matter due to its untimeliness.

heavy construction equipment and scrap. Cox and Crawford applied for a permit to add this new property to their business license, but the Board denied the application. At a hearing held pursuant to the Local Agency Act,[3] a qualified real estate appraiser testified that the land in question met all the license requirements under the Junkyard Control Ordinance: (1) it was suitable for use as a salvage yard; (2) it would have no adverse impact upon the neighboring properties; (3) it would have a beneficial economic impact upon the community; and (4) it would not have a negative effect from an aesthetic point of view since its use as a junkyard was in character with the area.[4]

Although the Board found that the highest and best use of the land would be a junkyard, it denied the expansion because the adjoining properties would be devalued and it would interfere with the health, safety and welfare of the neighborhood.[5]

The common pleas court took the case on the agency record and on arguments of counsel. Where the common pleas court takes no additional evidence, our scope of review is limited to determining whether the Board committed an error of law and whether its necessary findings are supported by substantial evidence. *Ramondo v. Zoning Hearing Board of Haverford Township*, 61 Pa. Commonwealth Ct. 242, 434 A.2d 204 (1981). By "substantial evidence" we mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

---

[3] 2 Pa. C. S. §§551—555; 751—754.

[4] On cross-examination, the appraiser noted that there was no zoning code in Antis Township.

[5] Findings of Fact, Nos. 11 and 14, 12/7/82, Record, pp. 13a—17a.

Cox and Crawford contend, *inter alia,*[6] that the Board's findings of fact are not supported by substantial evidence. We agree.

Our review of the record discloses that Cox and Crawford's application was unopposed; the only evidence presented was that of the real estate appraiser and Crawford himself. The Board chairman offered his opinion that the extension of the salvage yard would be detrimental to area property values. His statement cannot be considered part of the record, however, since it was not testimony. The chairman cannot be an adverse witness and a voting board member in the same proceeding. *See Department of Education v. Oxford Area School District,* 24 Pa. Commonwealth Ct. 421, 356 A.2d 857 (1976).

Thus, we hold that the common pleas court finding that the Board's adjudication is supported by substantial evidence is in error. Accordingly, the common pleas court order is reversed, and the matter is remanded to the Board for it to grant the license to Cox and Crawford.

ORDER

The Blair County Common Pleas Court order, No. 533 C.P. 1984 dated May 18, 1984, is reversed. This case is remanded to the Common Pleas Court for it to remand the matter to the Antis Township Board of Supervisors in order to grant the license to Thomas Cox and William Crawford.

Jurisdiction relinquished.

---

[6] Cox and Crawford also contend that they were denied due process of law in their hearing before the Board and that the ordinance upon which the Board based its decision was unconstitutionally vague. However, we need not reach these issues, as we find no substantial evidence to support the Board's factfinding.