

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2007

# Coreia v. Schuylkill Cty Area

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3005

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Coreia v. Schuylkill Cty Area" (2007). *2007 Decisions.* Paper 906.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/906

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3005

JOHN J. COREIA,

Appellant

v.

SCHUYLKILL COUNTY AREA VOCATIONAL-TECHNICAL SCHOOL
AUTHORITY; JAMES MONAGHAN, individually and in his capacity
as Assistant Executive Director of Education; GERALD
ACHENBACH, individually and in his capacity as Assistant
Executive Director of Education; JAMES S. FOGARTY, Executive
Director of Education

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 04-cv-02425)
District Judge: Hon. John E. Jones, III

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 4, 2007

BEFORE: SMITH and COWEN,
and SILER*, Circuit Judges

(Filed June 20, 2007)

_____

*Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge, U.S. Court of
Appeals for the Sixth Circuit, sitting by designation.

OPINION

COWEN, Circuit Judge.

John J. Coreia appeals an order of the United States District Court for the Middle District of Pennsylvania granting a motion for summary judgment filed by appellees Schuylkill County Area Vocational-Technical School Authority ("Schuylkill"), James Monaghan, and Gerald Achenbach. For the reasons discussed below, we will affirm.

I.

Coreia's claims relate to the cessation of his employment at Schuylkill. Coreia began teaching adult machine trade courses at Schuylkill in November 1999. To comply with Pennsylvania's requirement that all teachers hold a certificate, *see* Public School Code of 1949 § 1201, 24 Pa. Cons. Stat. § 12-1201, Coreia obtained a temporary certificate that remained valid for three years. To be eligible to continue teaching after the expiration of his temporary certificate, Coreia was required to secure a permanent instructional certificate.

Coreia enrolled at Temple University and began taking classes in pursuit of his instructional certificate. However, at the time that Coreia's temporary certificate lapsed – August 1, 2003 – he had failed to obtain an instructional certificate. Schuylkill attempted to acquire an emergency certificate for Coreia, but on August 18, 2003, Frank Meehan, the Director of Teacher Certification and Preparation at the Pennsylvania Department of

Education, wrote to Schuylkill acknowledging the expiration of Coreia's certificate and rejecting the application for emergency relief.

Classes at Schuylkill were scheduled to begin on August 21, 2003. Because Coreia had failed to obtain a certificate, Schuylkill would have been subject to forfeiture penalties if it allowed him to teach. Thus, on August 20, 2003, Monaghan, a director at Schuylkill, informed Coreia that he could resign or he would be terminated. That afternoon, Coreia signed a letter of resignation.

Coreia filed a complaint against appellees that included two claims relevant to this appeal. First, Coreia claimed that appellees violated his rights under 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment by failing to furnish him a hearing before forcing him to either resign or be terminated. Second, Coreia claimed that appellees breached an employment contract with him when they demanded his resignation. The District Court granted summary judgment to appellees on both counts, and Coreia appeals.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's order granting a motion for summary judgment under a plenary standard, applying the same test employed by the district court under Federal Rule of Civil Procedure 56(c). *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 343 F.3d 669, 679 (3d Cir. 2003). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

## III.

On appeal, Coreia argues that the District Court erred by granting summary judgment to appellees on both his § 1983 claim and his breach of contract claim.  We consider each argument in turn.

First, we agree with the District Court that Coreia's § 1983 claim lacks merit.  To prevail on his § 1983 claim, Coreia must demonstrate that appellees, acting under color of state law, deprived him of rights secured by the Constitution or federal law.  *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 590 (3d Cir. 1998).  Coreia claims that appellees violated his Fourteenth Amendment procedural due process rights by forcing him to resign from his job without first granting him a hearing.  We analyze Coreia's procedural due process claim in two steps, considering: "(1) whether the asserted individual interests are encompassed within the fourteenth amendment's protection of life, liberty, or property; and (2) whether the procedures available provided the plaintiff with due process of law."  *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) (internal quotation marks omitted).

Coreia contends that his employment constitutes property under the Fourteenth Amendment.  "To have a property interest in a job . . . a person must have more than a

4

unilateral expectation of continued employment; rather, he must have a legitimate entitlement to such continued employment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006) (internal quotation marks omitted). State law determines whether an individual has such a legitimate entitlement, *id.*; under Pennsylvania law, public employees have no protected property interest in their employment unless the state legislature explicitly provides one, *see Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005).

Coreia has failed to present evidence that he had a legitimate entitlement to continued employment. The Pennsylvania legislature has granted professional employees a protected property interest in their jobs, *see* 24 Pa. Cons. Stat. § 11-1122; however, because Coreia did not hold a certificate at the time he resigned, he did not qualify as a professional employee. *See* 24 Pa. Cons. Stat. § 11-1101(1) (stating "[t]he term 'professional employe[e]' shall include those who are certificated as teachers"); *Occhipinti v. Bd. of Sch. Dirs. of Old Forge Sch. Dist.*, 464 A.2d 631, 632 (Pa. Commw. Ct. 1983) (holding that teacher ceased to be professional employee when certificate lapsed). Hence, Coreia was not entitled to the procedural protections accorded professional employees. Because Coreia does not claim that he held a property interest in his employment for some other reason, the District Court was correct to grant summary judgment to appellees on this claim.[1]

---

[1] Coreia also argues that appellees misapplied their own procedures by failing to: contact the Pennsylvania Department of Education about his certificate, provide him a

We also agree with the District Court that no reasonable juror could find that appellees breached a contract with Coreia. Coreia claims that appellees breached a provision of the contract between the Schuylkill County Board of Education and the Schuylkill County A.V.T.S. Education Agency that provided "[a]ll full-time professional employees . . . must meet the requirements for professional certification as set forth in the guidelines of the Pennsylvania Department of State." However, if anyone breached this provision, it was Coreia, because he failed to maintain a valid teaching certificate. Coreia claims that appellees determined that his certificate had expired unilaterally without involving the Department of Education, but this assertion is belied by the record. As noted, appellees corresponded with Meehan, the Director of the Bureau of Teacher Certification and Preparation at the Department of Education, who informed them that Coreia's certificate had lapsed. Thus, the District Court was correct to grant summary judgment to appellees on this issue.

For the foregoing reasons, the judgment of the District Court entered on May 11, 2006, will be affirmed.

---

hearing with an attorney, obtain a letter from a specific Department of Education employee, and tell him that he could rescind his resignation. These arguments, however, are all contradicted by the record evidence. Moreover, a "violation of state law . . ., without more, is not a violation of the federal right to procedural due process." *Kompare v. Stein*, 801 F.2d 883, 888 (7th Cir. 1986) (alteration in original) (internal quotation marks omitted).