Township of Darby, Appellant *v.* William A. McCartney, Jr., Appellee.

William A. McCartney, Jr., Appellant *v.* Township of Darby, Appellee.

Argued September 28, 1978, before Judges MEN-CER, BLATT and CRAIG, sitting as a panel of three.

*Edward A. Savastion*, Solicitor, for Township of Darby.

*Michael A. Paul*, with him *Richard, Brian, DiSanti & Hamilton*, for William A. McCartney, Jr.

OPINION BY JUDGE CRAIG, May 9, 1979:

The Civil Service Commission of the Township of Darby sustained the removal of police officer McCartney. On appeal, the Delaware County Court of Common Pleas reversed because of irregularities in the procedure followed under The First Class Township Code,[1] and issued an order reinstating him, effective 31 days after the date of the order. The township

---

[1] Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §55101 et seq.

appealed the finding of procedural irregularities and officer McCartney appealed the court's refusal to reverse the Commission completely and reinstate him with back pay from the date of his removal.

The appeal was decided on the basis of the record before the Commission. After our own review of the record before the Commission, we find supportable the following findings and conclusions of the court below:

[A]ppellant police officer . . . charges a violation of Section 901 of the Police Civil Service Commission Rules for Darby Township, which section provides as follows:

'901. *Procedure.* Whenever any police offcer in a township is suspended, removed or reduced in rank, the specific charges warranting each such action shall be stated in writing by the appointing authority. The charges shall be stated clearly and in sufficient detail to enable the person accused to understand the charges made against him and to answer them. As soon as practicable, the statement of charges shall be filed in duplicate with the Commission and within five calendar days of such filing the original copy of the statement of charges shall be delivered to the person accused, either by personal service or by certified or registered mail.'

A violation of The First Class Township Code is also alleged specifically to be found in 53 P.S. 55644 [2] wherein it is provided as follows:

'A written statement of any charges made against any person so employed shall be furnished to such person within

---

[2] Section 644 of the Code, added by Section 20 of the Act of May 27, 1949, P.L. 1955, *as amended.*

five days after same are filed with the Commission. . . .'

A review of the record indicates that the appellant police officer was notified, in writing, of his discharge on May 13, 1976, and that on May 26, 1976, a copy of the reasons for the discharge was filed with the Civil Service Commission. Prior thereto, on May 18, 1976, appellant police officer, by his attorney, asked for specific reasons for his discharge and, not having been given those reasons, on May 25, 1976, he requested a Civil Service hearing. On May 28, 1976, a copy of the reasons for the discharge in general language was mailed to the appellant police officer and, thereafter, his attorney once again sought to have a specification of the charges. The Township failed to specify and, instead, turned over to the appellant police office [sic] what was purported to be his personnel file with the police department.[3]

. . . .

A review of the record buttresses the conclusion that it would have been impossible for the officer to offer a response to the charges stated owing to the vague and ambiguous nature of those charges since they appear to be *simply a recitation of all the general categories for suspension or removal which are to be found in the Code.* Although continually requested to, the Township failed to specify when the incidents occurred, who was involved or whether any disposition was made of those complaints

---

[3] The township turned over the personnel file or "dossier" only after the first hearing before the Commission was convened in July, during which appellant-officer's attorney reiterated that he could not, without further elaboration, defend against such general charges as "neglect of duty."

when they were alleged to have occurred. Moreover, the record before the Commission indicates that the Commission considered accusations and complaints which were never even brought to the officer's attention. (Emphasis added.)[4]

The court concluded that, by not filing the charges promptly with the Commission and by not sufficiently detailing those charges when they were eventually filed, the township did not accord the officer the due process mandated by The First Class Township Code and its own rules.

On the basis of our decision in *Cerceo v. Darby,* 3 Pa. Commonwealth Ct. 174, 281 A.2d 251 (1971), in which we relied upon *Gardner v. Repasky,* 434 Pa. 126, 252 A.2d 704 (1969), we agree. Those cases, interpreting language in The Borough Code identical to that contained in The First Class Township Code, compel the conclusion that, read together, Sections 644 and 645 of The First Class Township Code,[5] give a dismissed police officer a right to a written statement of charges before filing an appeal with the Civil Service Commission. Such written charges must at least refer generally to the incident(s) that form the factual basis of the charge or no viable answer is possible.

Although the court here reversed the dismissal of McCartney, it did not reinstate him with back pay because it found the evidence produced against him to be very substantial. In effect, that order left McCartney with a suspension.

---

[4] The Commission also considered incidents which were not even referred to in the officer's "dossier."

[5] Section 644 mandates the furnishing of written charges to the employee within five days of their filing, and Section 645, added by Section 20 of the Act of May 27, 1949, P.L. 1955, *as amended,* 53 P.S. §55645, gives the employee a right to make written answers no later than the day of the hearing before the Commission.

Given the fact that defendable charges were not timely preferred, it was erroneous for the court to rely on *Lower Merion Township v. Turkelson,* 396 Pa. 374, 152 A.2d 742 (1959), as authority thus to exercise the discretion which it ordinarily has, under the ''as the court deems proper'' review standard, to modify the dismissal penalty. *Turkelson* assumed the regularity of the proceedings before the appeal to the Court of Common Pleas. Where, as here, the proceedings were not regular and the employee-appellant was clearly denied due process, the proper remedy is either to reverse or to remand for a hearing pursuant to proper procedures.

In support of outright reversal, the officer argues that the existence of actual bias is the distinguishing feature which requires a conclusive reversal. As examples, he cites *Gardner, supra,* and *Cerceo, supra.* We have previously considered that argument and found it unsupportable. *Department of Education v. Oxford Area School District,* 24 Pa. Commonwealth Ct. 421, 356 A.2d 857 (1976).

As to the propriety of a remand, directly on point is *Donnon v. Downingtown Civil Service Commission,* 3 Pa. Commonwealth Ct. 366, 283 A.2d 92 (1971) where Judge CRUMLISH pointed out the reason for the exception found in *Gardner* and stated the general rule:

Appellee relies on Gardner v. Repasky, supra, where the court based its refusal to remand upon 'the long delays and the looseness of the procedure.' The case before us does not indicate such a blatant disregard of the total concept of due process as was found in Gardner. We hold that this case is similar to and controlled by a myriad of cases, heretofore decided, in which improper procedural methods have dictated a contingent reversal of the agency's decision. Remand for a proper hearing re-

gardless of the result, insures the integrity of administrative process. Pennsylvania State Athletic Commission v. Bratton, 177 Pa. Superior Ct. 598, 112 A.2d 422 (1955); Vivio Motor Vehicle Operators License Case, 209 Pa. Superior Ct. 90, 224 A.2d 777 (1966). 3 Pa. Commonwealth Ct. at 370-71, 283 A.2d at 94. *Accord: Shellem v. Springfield School District,* 6 Pa. Commonwealth Ct. 515, 297 A.2d 182 (1972).

Because this case demonstrates neither egregious delays nor a lack of any effort to comply with the proper procedures, as in *Gardner* or as in *Cerceo,* where there was never even an attempt to put any of the charges in writing, we believe that the general rule of remanding, as set forth in *Donnon,* applies.

ORDER

AND Now, this 9th day of May, 1979, the orders of the Court of Common Pleas of Delaware County, at No. 17108-76, dated June 7, 1977, and August 3, 1977, reinstating William A. McCartney, Jr. as a police officer in and for the Township of Darby, are reversed, and that court is hereby directed to remand the matter to the Civil Service Commission of Darby Township for hearing and disposition, only after formal, written charges are filed, in a manner not inconsistent with this opinion.