**Mark Ed DUNN**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 22, 2002.
Decided March 19, 2003.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE: COLINS, President Judge, SMITH–RIBNER, Judge, and COHN, Judge.

OPINION BY Judge SMITH–RIBNER.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Allegheny County that sustained Mark Ed Dunn's appeal from the Department's suspension of his driving privileges because of multiple violations of Section 13 of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L.

233, *as amended,* 35 P.S. § 780–113. The Department presents two questions for review: whether the trial court abused its discretion in sustaining Dunn's appeal and vitiating his suspensions rather than remanding the matter to the Department for correction of the defective notices of suspension and whether the trial court erred in ruling that the Department had unduly delayed in issuing the notices of suspension.

Dunn committed various violations of Sections 13(a)(16) and 13(a)(30) of the Drug Act on April 20, 22 and 29, 1993.[1] On September 12, 1994, Dunn was convicted in the Court of Common Pleas of Allegheny County for twelve of those violations. For unknown reasons, the court did not forward reports of the convictions to the Department until on or about January 16, 2001.[2] Additionally, each and every report erroneously listed the date of violation as April 20, 1993 and the date of conviction as November 29, 2000 (the date of a later parole hearing). By six notices dated May 18, 2001 and five notices dated May 21, 2001 the Department notified Dunn that it was suspending his driving privileges for consecutive one-year periods running from June 23, 2001 through June 22, 2012. Each of the eleven notices repeated the erroneous information that the suspension was for a violation that occurred on April 20, 1993 and that the

corresponding date of conviction was November 29, 2000.[3]

Dunn filed an appeal and a de novo hearing was held on January 17, 2002. No witnesses testified at the hearing, but the Department submitted into evidence certified copies of the relevant conviction reports and notices of suspension. Counsel for the Department explained that, because many of the 1994 convictions involved lesser-included charges, the Department would consent to the court's granting Dunn's appeal for eight of the eleven suspension notices. For the three remaining suspensions, counsel for the Department stated that the term of each suspension should be reduced from one year to six months because the underlying violations were first-time offenses. The Department's counsel also noted that the suspension notices contained erroneous dates of violation and conviction and that those errors originated in the court's conviction reports, and he moved that the Department be allowed to amend to reflect the correct dates.

█ Counsel for Dunn argued that her client's appeal should be sustained for all of the eleven suspensions, because the suspension notices were not issued until nearly seven years after the convictions and all of the notices contained erroneous dates of

1. See 35 P.S. §§ 780–113(a)(16) (relating to knowingly and intentionally possessing a controlled substance by a person not authorized to do so by law) and 780–113(a)(30) (relating to the manufacture, delivery or possession with intent to manufacture or deliver a controlled substance by a person not authorized to do so by law).

2. Section 6323 of the Vehicle Code, *as amended,* 75 Pa.C.S. § 6323, provides that any court within the Commonwealth, within ten days after a final judgment of conviction under any provision of the Drug Act, must send a record of the judgment to the Department.

3. In connection with the twelve convictions, Dunn received a total of thirteen suspension notices. One notice was mailed to Dunn on November 3, 1994, and Dunn served that suspension. Of the remaining twelve suspensions, the one suspension appealed and docketed below at S.A. 0364 of 2001 was properly dismissed by the trial court because it was an erroneously reported duplicate of Dunn's previously completed 1994 suspension. Thus the eleven suspensions appealed and docketed below at S.A. 0690 of 2001 remain at issue.

violation and conviction. The Department had failed to provide Dunn with proper, timely notice of the bases for the suspensions. Although counsel for the Department reiterated that it was the court and not the Department that was responsible for the errors and delay and that the court's negligence could not be held against the Department, the trial court concluded that the untimely and defective notices violated Dunn's due process rights and sustained his appeal of all of the suspensions.[4]

■ Dunn contends that the eleven notices of suspension violate his procedural due process rights because all of the notices contain erroneous dates of violation and conviction and because the notices were not issued until nearly seven years after the convictions. The Department argues at length that the erroneous dates in the suspension notices are immaterial and that the court's delay in notifying the Department of Dunn's convictions cannot, as a matter of law, be attributed to the Department and therefore cannot be the basis for overturning a license suspension.

■ It is true that immaterial or technical defects in a notice of license suspension will not be grounds for reversing a suspension. *Department of Transportation v. Sutton*, 541 Pa. 35, 660 A.2d 46 (1995) (one-day discrepancy as to date of refusal to take blood test is curable, technical defect); *Hatzai v. Department of Transportation, Bureau of Driver Licensing*, 686 A.2d 48 (Pa.Cmwlth.1996) (incorrect citation to vehicle code, instead of controlled substances act, was immaterial error when notice stated correct date of conviction for single offense). In contrast, this case presents a rare and egregious combination of incorrect dates of both violations and convictions and a seven-year delay in issuing notices of suspension, not all of which, however, may be chargeable to the Department. Moreover, this case is not one in which the relevant notices contained minor, technical errors. *See Harrington v. Department of Transportation, Bureau of Driver Licensing*, 563 Pa. 565, 763 A.2d 386 (2000) (failure of New Jersey report and Pennsylvania suspension notice to note driver's plea or whether conviction resulted from forfeiture of security did not violate due process when notice correctly referenced the conviction and its date and notified driver of equivalent DUI provision and statutory authority for suspending his license).

■ Stated most generally, procedural due process requires that an individual be given adequate notice of the charges against the individual and an opportunity to be heard. *Telang v. Bureau of Professional and Occupational Affairs*, 561 Pa. 535, 751 A.2d 1147 (2000). It is commonly understood that, unlike some legal rules, due process is not an inflexible, technical conception with a fixed meaning unrelated to the particular circumstances of a case. *Id. See also Commonwealth v. Devlin*, 460 Pa. 508, 333 A.2d 888 (1975). In regard to license suspension hearings and the issue of notice, due process is afforded when the accused is informed with reasonable certainty of the charges against the accused so that he or she may prepare an adequate defense. *Sutton*. A notice of suspension may violate an individual's due process rights if it contains information that is misleading and impairs preparation of the

---

4. This Court's review of the trial court's decision in a license suspension case is limited to determining whether the trial court's findings of fact are supported by competent evidence, whether the court committed an error of law or whether the court abused its discretion. *McLaughlin v. Department of Transportation, Bureau of Driver Licensing*, 751 A.2d 714 (Pa. Cmwlth.2000).

individual's defense. *Department of Transportation, Bureau of Driver Licensing v. Balloch,* 142 Pa.Cmwlth. 637, 598 A.2d 110 (1991).

■ Adequate notice for procedural due process purposes requires *at a minimum* that the notice contain a sufficient listing and explanation of the charges against an individual. *Gombach v. Department of State, Bureau of Commissions, Elections & Legislation,* 692 A.2d 1127 (Pa.Cmwlth. 1997); *Goldberg v. State Board of Pharmacy,* 49 Pa.Cmwlth. 123, 410 A.2d 413 (1980). In *Fiore v. Board of Finance and Revenue,* 534 Pa. 511, 633 A.2d 1111 (1993), the Supreme Court noted that due process also required that notice of hearing must be reasonable in terms of giving the taxpayer in that case an opportunity to prepare a response to the issues that the Commonwealth raised, particularly after a long period of litigation.

Given the multiple, repetitive errors in the suspension notices that Dunn received in this case, the Court must conclude that the notices are wholly inadequate to satisfy the foregoing due process requirements. The Court cannot allow the abrogation of Dunn's due process rights to adequate notice merely because misinformation and delay originated in one source and the defective suspension notices originated in another source, the Department. The Court is cognizant of the long line of cases holding that delays by the judicial system in notifying the Department of criminal violations cannot be held against the Department and cannot alone form the basis for overturning a license suspension. *See Pokoy v. Department of .Transportation, Bureau of Driver Licensing,* 714 A.2d 1162 (Pa.Cmwlth.1998); *Department of Transportation, Bureau of Traffic Safety v. Maguire,* 114 Pa.Cmwlth. 581, 539 A.2d 484 (1988); *Chappell v. Commonwealth,* 59 Pa. Cmwlth. 504, 430 A.2d 377 (1981); *Department of Transportation, Bureau of Traffic Safety v. Parr,* 56 Pa.Cmwlth. 203, 424 A.2d 604 (1981).[5] The Court, however, does not interpret this line of cases as requiring a suspension when it is plain that the licensee did not receive adequate notice in accordance with fundamental concepts of procedural due process.

■ Nor is the Court persuaded by the Department's argument that the suspension notices were adequate because Dunn could have ascertained the correct information by requesting a "bill of particulars" or by requesting a continuance of the proceedings. The test for the adequacy of notice in accordance with procedural due process is not whether the licensee can correct the information contained in defective notices through diligent investigation, but rather whether the notices contain sufficient information and explanation to allow the licensee to defend against the charges contained therein.[6] *Gombach; Sutton; Balloch; Goldberg.*

---

**5.** In *Terraciano v. Department of Transportation, Bureau of Driver Licensing,* 562 Pa. 60, 753 A.2d 233 (2000), the Supreme Court articulated the general rule that to sustain a license suspension appeal based on delay the licensee must prove (1) that an unreasonable delay chargeable to the Department led the licensee to believe that his or her operating privileges would not be impaired and (2) that prejudice would result by having the operating privileges suspended after the unreasonable delay.

**6.** The Department cites *State Dental Council and Examining Board v. Pollock,* 457 Pa. 264, 318.A.2d 910 (1974), and *Kovarik v. Borough of East Pittsburgh,* 86 Pa.Cmwlth. 453, 485 A.2d 529 (1984), for the proposition that Dunn should have requested a bill of particulars or continuance in order to prepare his defense. Neither of these cases is persuasive. In *State Dental Council* the notice was found to be entirely adequate, with the Supreme Court commenting: "It is difficult to imagine a citation that could have better informed

Without specifically acknowledging that the suspension notices were defective, the Department suggests that the trial court should have remanded the matter to the Department in order for it to issue corrected notices and then to allow further proceedings. Although that disposition may have been one within the trial court's discretion, one of the questions before this Court is whether the trial court's decision to sustain Dunn's appeal because of due process violations constitutes an abuse of discretion. On the facts of this case, the Court concludes that the trial court's ruling on the due process issue does not amount to an abuse of discretion. Nor for that matter does it represent an error of

law. *Balloch.* Accordingly, on the basis of the due process violations alone the Court affirms the trial court's order.

## *ORDER*

AND NOW, this 19th day of March, 2003, the order of the Court of Common Pleas of Allegheny County is hereby affirmed.

appellant of the precise acts for which his license was to be challenged." 457 Pa. at 273, 318 A.2d at 915. In *Kovarik* the Court concluded that a continuance was the proper remedy when the defendant, a police officer accused of insubordination, received notices regarding a suspension that were inadequate both in terms of specificity of charges and in timeliness. Many facts distinguish *Kovarik*

from this case: *Kovarik* was decided by reference to administrative practices and procedures contained in a Borough Code then in effect; the notices, although defective, did not contain patently misleading information; the Court did not set forth a specific due process analysis; and the defendant did receive an accurate, written statement of the charges against him before the hearing.