## Vandergrift Borough *v.* Polito, Appellant.

Argued March 13, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Frank J. Zappala, Jr.,* with him *Zappala & Zappala,* for appellant.

*Louis C. Glasso,* with him *Joseph Ceraso,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, April 24, 1962:

The appellant, a policeman, was removed from his position by the Civil Service Commission of the Borough of Vandergrift, which found him guilty of conduct unbecoming an officer. This was sustained by the Court of Common Pleas of Westmoreland County.

Appellant contends he did not receive from the Civil Service Commission "a new, unbiased hearing, at which the procedural and substantive statutory rights of the policeman will be protected" as we ordered in his previous appeal. *Vandergrift v. Polito,* 397 Pa. 538, 156 A. 2d 99 (1959).

His contention is that since two of the commissioners who presided at the original commission hearing and rendered an opinion on the evidence before it were called upon to once again review the same evidence, and could not honestly discharge their duty, he was denied an unbiased hearing.

He does not charge the commissioners with improper conduct but rather the defect of human nature

inherent in mankind which precludes the commissioners from divesting their minds of the improper evidence received at the first hearing.

This reasoning overlooks the purpose of judicial and quasi judicial proceedings as well as the ability of honest men to perform the duty required of them as normal human beings endowed with intellect and reason. It also attacks the various governmental processes established for the safeguard of the rights of persons. This position is wholly untenable as being contrary to human experience. This is not a case where fraud or improper conduct of the commissioners is charged. No such accusation has been made and no evidence whatsoever appears in the record. The certiorari in the instant case is broad and upon review of such on appeal the Court considers the entire record, including all of the testimony. *Philadelphia Saving Fund Society v. Myers,* 406 Pa. 438, 179 A. 2d 209 (1962); *Dauphin Deposit Trust Co. v. Myers,* 401 Pa. 230, 164 A. 2d 86 (1960).

The court below heard the case de novo and our examination of the record discloses no fault and no violation of appellant's procedural and substantive statutory rights.

Order affirmed.