Gardner, Appellant, *v.* Repasky.

Argued January 7, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*M. J. DeSisti,* for appellant.

*Robert J. Landy,* for appellees.

OPINION BY MR. JUSTICE COHEN, April 23, 1969:

Appellant, a police officer in Sayre Borough, appeals from a two week suspension ordered by Borough Council and affirmed by the Civil Service Commission of the Borough and the Court of Common Pleas of Bradford County. Because of the invalidity of the procedural aspects of this suspension, we reverse that action without reaching the merits as to appellant's behavior.

In October, 1963, the Fire Board and Ambulance Board of the Borough sent letters to the mayor complaining about the cooperation they were receiving from appellant. The Sayre Borough Police Committee decided to further investigate and requested appellant to attend a meeting on December 6, 1963. At that time appellant refused to testify without his attorney who was not permitted to attend the meeting. Another meeting on December 27, 1963 resulted in a recommendation to Borough Council that appellant be suspended. At a meeting on December 30, Council suspended appellant for two weeks and notified him by mail on January 2, 1964. On January 7, appellant took an appeal to the Civil Service Commission. Throughout this period appellant was not furnished with a written specification of charges despite his several requests. More than a year later Council furnished the charges to the Commission and gave a copy to appellant. The Civil Service Commission held hearings on April 26, 1965 and finally on November 15, 1965, but

did not file an opinion or render a decision until February 7, 1967. The lower court affirmed the order and an appeal was taken to this Court.

The suspension, removal, or demotion of a policeman or fireman at the time was governed by Section 1184 of The Borough Code, Act of May 4, 1927, P. L. 519, added 1947, July 10, P. L. 1621, §39, 53 P.S. §46184.[1] That section lists the six exclusive reasons for any of the above actions and requires that "[a] written statement of any charges made against any person so employed shall be furnished to such person within five days after the same are filed." The next following section provides for a speedy hearing before the Civil Service Commission at which time written answers to the charges can be filed. In light of these and other provisions of The Borough Code which seek to expedite the review of any suspension, we find the procedure used in the instant case invalid.

The proper procedure is to file the charges at the time Council suspends the employee and notify the employee of same within five days. There are at least three reasons for requiring this procedure: (a) that the employee may be informed of what misbehavior he is accused and rectify it if he so chooses, (b) that the employee can determine whether the charges are statutorily sufficient, and (c) that he can decide whether to take an appeal to the Civil Service Commission and, if he does, to file a timely answer. Appellant in this case was forced to take his appeal without a specification of charges, several of which had to be dropped as statutorily deficient. Had Council suspended him without first questioning him, as it may do, he would not have known the charges here until some thirteen

---

[1] The Borough Code now applicable is Act No. 581, 1965, P. L. (1965) 1656 (February 1, 1966) as amended by Act No. 181, October 9, 1967, P. L.    , 53 P.S. §45103 (pp. 5-6).

months later. This violates the legislative intention to bring these matters to a speedy conclusion.

Furthermore the Commission has adopted, with the approval of Council and in accordance with §1170 of The Borough Code, rules and regulations for carrying this subdivision of The Borough Code into effect, §901 of which reads: "Whenever any police officer in the Borough is suspended, removed or reduced in rank, the specific charges warranting each such action shall be stated in writing by the appointing authority. The charges shall be stated clearly and in sufficient detail to enable the person accused to understand the charges made against him and to answer them. As soon as practicable, the statement of charges shall be filed in duplicate with the Commission, and within five (5) calendar days of such filing, the original copy of the statement of charges shall be delivered to the person accused either by personal service or by certified registered mail." This substantiates our position with respect to informing the employee quickly and clearly so that he may take whatever legal action he wishes or rectify his behavior. Council and the Commission have made these rules to which they should adhere.

Another independent ground for reversal is the position of conflict occupied by John Repasky. Repasky was a member of the Fire Board which originally complained about appellant and a member of the Civil Service Commission which heard appellant's appeal. (He cast the deciding vote for suspension in a 2-1 Commission decision). Appellees claim that no bias in fact has been shown and that Repasky took no part in making the original complaint. This is not to the point. ". . . [A]ny tribunal permitted by law to try cases and controversies must not only be unbiased but must avoid even the appearance of bias." *Commonwealth Coatings Corp. v. Continental Casualty*, 393

U.S. 145-50, 21 L. Ed. 2d 301, 37 L.W. 4037-38 (1968). A man cannot sit as judge when he is a member of a board which has brought the accusations.

We held in *Schlesinger Appeal*, 404 Pa. 584, 172 A. 2d 835 (1961), that where a prosecutor and judge were combined in one body, the accused was denied a fair hearing to which due process of law entitled him.

*Vandergrift Borough v. Polito*, 407 Pa. 286, 180 A. 2d 215 (1962), is distinguishable and has no application to the present situation. There it was contended and rejected that a commissioner who sat at the original hearing and rendered an opinion could not sit on rehearing.

Because of the long delays and the looseness of the procedure that denied appellant the protection afforded by the Act of Assembly and due process, the order of the lower court is reversed and the suspension set aside.

Mr. Chief Justice BELL and Mr. Justice EAGEN concur in the result.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

It is my view that this Court does not have jurisdiction of this appeal. Neither the parties to this action nor the majority has cited *one* similar case which this Court has heard. Nor has my research revealed any. Therefore, the appropriate recourse would be for us to either quash the appeal or remit it to the Superior Court; that Court has initial appellate jurisdiction in civil service appeals unless they come under this Court's equity jurisdiction. 17 P.S. §184.1.* In light of this, I do not find it necessary to discuss or decide the merits of this controversy.

---

* "All actions arising from proceedings and orders of any commission or administrative agency, except as otherwise provided by statute . . . ."