## Shay v. Stroudsburg Borough Civil Service Commission

*John P. Lawler*, for petitioner.
*Ralph A. Matergia*, for respondent.

THOMSON, *J.*, March 5, 1980—The above-captioned matter is before us on a rule to show cause why petitioner, a police officer in the Borough of Stroudsburg, should not have his rank reinstated and no charges officially recorded against his record. Counsel have now briefed the question, and the matter is ripe for resolution.

The salient facts of the matter are as follows: On October 3, 1979, the Stroudsburg Borough Council reduced petitioner's rank from sergeant to patrolman, filed written charges against him as required by law, and informed him as to his right to demand a hearing before the Civil Service Commission, respondent herein. On October 11, 1979, petitioner, through counsel, made such a demand. On October 18, 1979, the Borough Council, through the Borough Manager, requested a continuance, based on conflict of interest on the part of the mem-

bers of the Civil Service Commission. By letter dated October 30, 1979, the Chairman of the Civil Service Commission requested that a separate commission be appointed to hear the matter. To date, no hearing has been held.

The question before us is whether there has been a violation of The Borough Code of February 1, 1966, P.L. (1965) 1656, as amended, as per section 1191, 53 P.S. §46191. At the outset, we note that the borough has alleged that we lack the power to render a decision at this point, as petitioner has not exhausted his administrative remedies. While this contention is not without significant merit, we do not need to draw on it to reach our decision in this case.

The statute in question provides:

"If the person suspended, removed or reduced in rank shall demand a hearing by the commission, the demand shall be made to the commission. Such person may make written answers to any charges filed against him not later than the day fixed for hearing. The commission shall grant him a hearing which shall be held within a period of ten days from the filing of charges in writing, unless continued by the commission for cause at the request of the council or the accused. . . ."

Petitioner contends that the fact that no hearing has been held within ten days of the date the charges against him were filed should result in the dismissal of same. We do not agree. We note that unless petitioner requested a hearing in writing, there would be none. Hence, if we were to adopt petitioner's argument, he could wait past the ten-day period, demand a hearing, and in the next breath, claim that the Commission had no power to

hold one. The absurdity of such a proposition is readily apparent, and as it is an accepted principle in interpreting legislation that the legislature does not intend a result which is absurd or unreasonable, Statutory Construction Act of 1972, 1 Pa.C.S.A. §1922, we will not adopt such an interpretation.

We note also that the statute in question provides that the hearing be held within ten days from the filing of charges in writing ". . . *unless* continued by the commission for cause at the request of the council or the accused." (Emphasis supplied.) It is clear that the borough requested a continuance by their letter of October 18, 1979. We interpret the return letter from Mr. Small of the Civil Service Commission of October 30, 1979, as a granting of this request, a grant that was most definitely for cause, that of a conflict of interest on the part of the Civil Service Commission members. There being no time limit fixed by the statute as to when continuances for cause may be requested or granted, in our opinion the statute has been complied with.

We note further that no prejudice has been demonstrated to petitioner from this situation, unlike the gross violation of due process present in Gardner v. Repasky, 434 Pa. 126, 252 A. 2d 704 (1969), cited by petitioner, and hence, we distinguish the said case from the instant one on that basis.

Therefore, we will issue herewith the following

## ORDER

And now, March 5, 1980, the rule to show cause heretofore issued why petitioner's rank should not be reinstated and no charges officially recorded against his record, is hereby discharged. The

Stroudsburg Borough Council is hereby ordered and directed to appoint within ten days of date of this order, three individuals to act as Special Civil Service Commissioners to hear the within matter, said individuals to be qualified to act as Commissioners within the said borough in accordance with sections 1172 and 1173 of The Borough Code, 53 P.S. §§46172 and 46173. Upon failure of the Borough Council to make such appointments within the prescribed time, the rule heretofore entered may, on proper motion, be reinstated, and made absolute forthwith.