581 A.2d 711

**Robert MOORE, Appellant,**

v.

**BOROUGH OF RIDLEY PARK, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1990.

Decided Oct. 24, 1990.

556

S. Stanton Miller, Jr., Dunn and Miller, Media, for appellant.

Lilli B. Middlebrooks, with her, William P. Lincke and Ronald J. Klimas, Beatty, Young & Lincke, Media, for appellee.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Robert Moore (Appellant) appeals from an order of the Court of Common Pleas of Delaware County (trial court) affirming a decision and order of the Civil Service Commission of the Borough of Ridley Park (Commission) which upheld the decision of the Mayor of Ridley Park suspending Appellant from the Ridley Park police department for three days without pay. We affirm.

Appellant, a police officer with the Borough of Ridley Park (Borough), was the only officer on the midnight shift

on August 7, 1988. While on duty, officers are required to be in contact with DelCOM, the central dispatching agency which provides messages to police officers in Delaware County. During the early morning hours of August 7, 1988, Appellant could not be contacted for a period of thirty-two minutes. On September 13, 1988, the Mayor of the Borough issued a letter suspending Appellant for a period of three days, without pay, for failing to maintain contact with DelCOM.[1] Pursuant to Section 1191 of The Borough Code (Code), Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. § 46191, Appellant requested a hearing before the Commission. On November 1, 1988, the Commission conducted a hearing and upheld the suspension issued by the Mayor. Appellant appealed the Commission's order to the trial court, which affirmed. This appeal followed.

On appeal[2] to this court, Appellant raises three issues: (1) did the trial court err in concluding that Appellant's suspension was lawful; (2) was Appellant denied due process by the Borough Council (Council) and/or Commission; and (3) was the suspension action supported by substantial evidence.

Appellant first argues that the suspension order violated Section 1124 of the Code, 53 P.S. § 46124, which reads as follows:

1. The relevant sections of the suspension letter read as follows:
   On August 7, 1988 while on official police duty you failed to remain in radio contact with the dispatcher from 0:44 hours to 1:16 hours without excuse and in violation of Department directives.
   During this period of time, Delaware County Emergency Communications attempted unsuccessfully to reach you by radio. Because of this neglect of official duty and this inefficiency you are herby [sic] suspended without pay from police duties for a period of three days, September 19, 20, and 21, 1988.

2. A decision rendered by a civil service commission must be upheld unless there has been a violation of constitutional rights, an error of law, noncompliance with the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754, or if any factual finding made by the commission necessary to support its decision is not supported by substantial evidence. *Schmidt v. Borough of Baldwin*, 82 Pa.Commonwealth Ct. 580, 477 A.2d 572 (1984).

### Suspension by mayor.

In addition to the powers of council to suspend policemen, the mayor *may,* for cause and without pay, *suspend any policemen until the succeeding regular meeting of the council,* at which time or thereafter the council *may,* subject to the civil service provisions of this act, if they be in effect at the time, suspend, discharge, reduce in rank or reinstate with pay, such policemen: Provided, however, That *a policeman suspended by the mayor may not be reinstated by council at a date earlier than ten working days from the date fixed by the mayor for the suspension to commence.* In any case where the council has reinstated a policeman, after having been suspended by the mayor, the mayor shall not thereafter suspend such policeman for reasons arising from the same act for which the first suspension was made, or for reasons that the council, in reinstating such policeman, shall have determined not to be grounds for suspension. (Emphasis added.)

Appellant argues that this section does not give the mayor the authority to suspend for a specified period of time, and because the Council never considered the suspension at its next regular meeting subsequent to the Mayor's suspension of Appellant, the suspension was unlawful.

█ The Borough argues that section 1124 grants to the Mayor an independent power to suspend for a period of ten days without any Council action. We conclude that section 1124 does grant such authority.

Under Section 1006 of the Code, 53 P.S. § 46006, a borough council need only meet once a month. Accordingly, unless the Council meets more often,[3] under section 1124 the Mayor can suspend an officer for a period of thirty days. At the next Council meeting, the Council may continue the suspension, discharge the policeman, reduce the policeman in rank or reinstate the policeman with pay.

3. In the instant case there is no indication in the record how often the Council meets. As a result, our analysis is based on the statutory minimum of monthly meetings.

However, the Council may not lift the suspension completely. A minimum suspension of ten days, if imposed, must be served, with the only relief available to the officer being an appeal to the Commission. In the instant case, because the suspension was only for three days, Council had no authority to lift the suspension, and consequently the Appellant has no legal complaint that Council did not consider this suspension at its next regular meeting.

■ Contrary to the assertion of the Appellant, the Council need not address a suspension at its next regular meeting. Section 1124 merely states that the Council *may* address the issue. In the present case, when the suspension is only for a three day period, Council has no authority to change that suspension. To require Council to address an issue over which it has no authority to act would be absurd. Accordingly, the failure of Council to act on Appellant's suspension was not unlawful.

■ Appellant's second contention is that he was denied due process because he was never provided with a statement of charges specifying the incidents forming the factual basis for the charges. Relying on *Gardner v. Repasky*, 434 Pa. 126, 252 A.2d 704 (1969), Appellant argues that the procedure in this case was defective because the charges were not filed with the Commission, with a copy forwarded to him five days after said filing.

*Gardner* is inapplicable to the present case. In *Gardner* the officer was suspended for two weeks, but did not receive a copy of the statement of charges until more than a year after the suspension was imposed. In the present case, the statement of charges was contained in the suspension letter itself. Accordingly, Appellant received the charges on the day they were filed, which meets the statutory requirements of section 1190 of the Code, 53 P.S. § 46190. The fact that Appellant received a copy of the charges before the Commission received them does not make the procedure constitutionally infirm. If anything, it provides the accused with a longer period of time within

which to prepare his defense. Accordingly, we conclude that Appellant was not denied due process.

■ Appellant finally contends that the charges against him are not supported by substantial evidence. Appellant argues that there is no evidence of the existence of any departmental code or regulation which defines either neglect of duty or inefficiency as an offense for which an officer can be disciplined, and without that, Appellant violated no duty.

However, we take judicial notice of the fundamental role of a police officer, which is to protect the public and to be available to respond to calls for aid. When an officer is inexcusably away from his station and thereby is unavailable to respond to calls, and he fails to maintain radio contact with a county emergency unit, he clearly is violating a duty owed to his employer. To require a written directive on the most basic of job requirements would be inane.

The chief of police testified that a memorandum had been circulated among police officers requiring the use of portable radios when the officers were not in their police vehicles, and requiring the officers to switch vehicles if they were having problems with the radios, so as to maintain contact with DelCOM. The evidence before the Commission showed indisputably that DelCOM made numerous attempts to contact Appellant while he was on duty, all without success. Accordingly, we conclude that substantial evidence supports the charges against Appellant, and affirm the decision of the trial court.

## ORDER

AND NOW, October 24, 1990, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is affirmed.