646 A.2d 709

**Patrick EVANS**

v.

**BUTLER TOWNSHIP CIVIL SERVICE
COMMISSION, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 10, 1994.

Decided Aug. 9, 1994.

ance company seeking to avoid liability because of late notice, the insurance company had to prove prejudice.

504

Charles M. Means, for appellant.

Michael D. Gallagher, for appellee.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Sergeant Patrick Evans was suspended by motion of the Butler Township Board of Commissioners (Board) for a period of ten (10) days for conduct unbecoming to a police officer because of the manner in which he exercised his authority at the scene of a traffic accident and his treatment of the fire and rescue personnel on the scene. The Civil Service Commission of the Township of Butler (Appellant/Commission) affirmed this suspension holding that Sgt. Evans used loud and profane language in an abusive manner directed towards emergency personnel, which brought discredit on both the Butler Township Police Department (Department) and Butler Township (Township), and created a strain between them and the Greenwood Village Fire Department. The Commission held that such conduct constituted a violation of Section 644 of The First Class Township Code (Code) [1], and three sections of Article VIII of the Rules and Regulations of Butler Township Civil Service Commission (Civil Service Rules) [2], pertaining to bringing discredit to the Department and oppressive and uncivil conduct directed towards members of the public.

The relevant facts in this case are as follows. On March 7, 1990, a two-car collision occurred in Butler Township. Fire and medical rescue vehicles came to the scene to assist in

[1]. Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. § 55644.
[2]. Article VIII, §§ 802(1), 802(2)(c) and 802(8)(c).

treating and extricating the injured occupants of the vehicle. Sgt. Evans arrived at the scene and took over traffic control. He concluded that the rescue truck from the Greenwood Village Volunteer Fire Department, which was providing lighting for the medical personnel, was blocking traffic and the lights were not necessary. Several witnesses testified that when Sgt. Evans' instructions were ignored, he became agitated and began to use profanity in an abusive manner.

The next day, March 8, 1990, after hearing about Sgt. Evans' use of profane language at the accident scene, the Greenwood Fire Chief complained to the Butler Chief of Police, Chief Garman, and then made a formal written complaint on March 12, 1990. On that same day, Chief Garman assigned a policeman to investigate the incident, and thirteen witnesses were located and interviewed. On March 18, 1990 a report of the interviews was submitted to Chief Garman, who then submitted a report to his supervisor and to the Board member in charge of police affairs. Chief Garman did not order a suspension or make a determination whether Sgt. Evans would be disciplined.

On May 21, 1990, at a regular meeting of the Board, it voted to suspend Sgt. Evans by a majority 4 to 1. On May 23, 1990, Sgt. Evans was notified by letter of his suspension and the specific reasons he was charged with violating the Civil Service Rules regarding conduct unbecoming of an officer.

On May 30, 1990, Sgt. Evans demanded a hearing before the Commission, which was held on July 20, 1990 and November 13, 1990. Sgt. Evans appealed the Commission's decision affirming his suspension to the Court of Common Pleas of Butler County, contending that the Township failed to file charges within the time limits specified by Article VIII, Section 804(2) of the Commission Rules. On the basis that this section of the Commission Rules was the governing statute, and that the time limits set forth were violated, the court of common pleas, without taking additional evidence, ordered that the Commission's punishment, suspension for ten (10) days, was invalid, and the suspension was set aside. It is from this order that the Commission appeals.

■ When, as here, the common pleas court takes no additional testimony and receives no additional evidence, our scope of review is to determine whether or not the Commission abused its discretion or committed an error of law. *Wilson v. Civil Service Commission of the Township of Wilkins,* 30 Pa.Commonwealth Ct. 572, 374 A.2d 759 (1977). Because we find that there was no abuse of discretion or error of law, we reverse the order of the court of common pleas invalidating Sgt. Evans' suspension.

Section 804 of the Commission Rules provides:

1. When an incident occurs that involves potential disciplinary action the chief, or acting chief of police, should conduct a careful and thorough investigation of all aspects of the incident, including the questioning of the officer or clerk involved, and all witnesses who may have information about the incident.

2. *If the chief, or acting chief, decides that punishment involving suspension without pay is indicated,* (emphasis added), he shall record the charges in writing and indicate the suspension time on the charges. All charges must be filed within *5 (five)* (emphasis in original) days after the incident occurs.

3. Prior to the notification of suspension being given to the officer or clerk, the charges shall be reviewed by the President of the Township Board of Commissioners and his signature added to the charges and recommended punishment. No charges may be filed without the approval of the President of the Board of Commissioners.

4. The chief of police, or acting chief of police, shall have the authority, when the charges are countersigned by the President of the Board of Commissioners, to suspend an officer or clerk of the Township Police Department, who is under Civil Service, *for a period of up to five days without pay.* (Emphasis added.)

■ The court of common pleas concluded that although Sgt. Evans was suspended by action of the Board, rather than by the Chief Garman, nevertheless, pursuant to this rule,

charges must be filed within five days of the incident.[3]   Since Sgt. Evans was not notified of the charges until 76 days after the incident in question, the suspension was invalid.   Implicit in this ruling is the presumption that the maximum punishment of suspension without pay which may be imposed is five (5) days, because under Section 804(4), the chief of police, with the signed approval of the President of the Board, is authorized to suspend a police officer/civil servant for a period of up to five (5) days.   This presumption is unwarranted.

■    Section 803 provides that offenses under the Civil Service Rules may be punished, *inter alia,* by removal, discharge, reduction in rank and pay, and *suspension without pay for a period of not in excess of one year.*   (Article VII, Section 803 of the Civil Service Rules.)   Although Section 803 does not specifically state which body may impose these punishments, since the chief of police clearly has no authority to impose a punishment of discharge, reduction in rank or even suspension for six (6) days under Section 804, we must assume that the authority to impose punishment for violation of the Civil Service Rules usually rests with the Board, and that only in cases of minor violations, warranting suspensions of five (5) days or less, may the police chief impose the punishment so long as the stated procedures are followed.

■    For all other cases, the entire Board must meet and pass a motion to discipline a police officer, thus providing the officer with the safeguard of consideration by the full, deliberative body prior to imposition of a more severe punishment. If the Board were to delay in filing charges after the incident occurred, thus prejudicing the police officer's ability to appeal the imposition of such charges, laches may be asserted as a

3.   The term "filed" is not defined in the Commission Rules.   The court of common pleas uses the term to mean notification to the violator, so that the time of filing is the time that the police officer is notified by the Township of the violation.   However, a better reading of the Commission Rules indicates that "filing" means the notification sent to the Commission by the Township or the Chief of Police once it has been determined by the Board that the violation(s) have occurred.   Under this definition and in this case, the charges were filed when the Commission was notified, and Sgt. Evans was notified of the charges when he received a letter from the Board.

defense. This Court has held that laches is a defense in an administrative disciplinary action. *Harrington v. Department of State*, 58 Pa.Commonwealth Ct. 137, 427 A.2d 719 (1981).

Moreover, once the charges have been filed, the Rules provide further procedural rights to the employee, which track those of the First Class Township Code.[4] These include, among others, a right to a hearing before the Commission within ten days of the filing of charges or the filing of written answers to the charges, (Article IX, Rule 903), and a right to a written statement of all charges within 5 days after the same are filed with the Commission. (53 P.S. § 55644).[5]

In *Gardner v. Repasky*, 434 Pa. 126, 252 A.2d 704, 705 (1969), relied on by the court of common pleas, there was a similar provision in the Borough Code of Sayre Borough which stated, "[a] written statement of any charges made against any person so employed shall be furnished to such person within five days after the same are filed." Our Supreme Court held that the proper procedure was to file the charges at the time the Council suspends the employee and notify the employee of the same within five days. In *Gardner* the employee was not notified with any specificity of the charges against him, and was forced to take his appeal to the Commission without knowing what he was accused of. The court held that the reasons for the five day rule were that: (a) the employee may be informed of the misbehavior of which he is accused and rectify it, if he so chooses, (b) the employee may determine if the charges are statutorily sufficient, and (c) the employee may decide whether to file an appeal and file a timely answer. *Id.* Thus, the court concluded that when council failed to adhere to the five day rule, Gardner was

4. 53 P.S. § 55645.

5. Section 901 of the Civil Service Rules provides that all charges must be furnished to the employee within 20 days of filing. However, Section 644 of the First Class Township Code, 53 P.S. § 55644, provides that any person suspended, removed or reduced in rank for the causes listed in the same statute, shall be furnished with a written statement of those charges within five days after the same were filed with Commission. Here, the statement of charges was furnished to Sgt. Evans within two (2) days, so both requirements are met, and the question of which time limitation applies is not in issue.

denied his due process rights under the Commonwealth's Borough Code, and the suspension was set aside.

Unlike the officer in *Gardner*, Sgt. Evans was apprised of the charges against him and of his ten day suspension on May 23, 1990, two days after the Board met and passed the motion suspending him. He was thus immediately informed of his misbehavior, could attempt to rectify it, (if such rectification were possible, after the fact,) and was able to respond to the charges and take his appeal with full specification of charges. Chief Garman did not file charges against him; rather, it was the Board's decision to suspend Sgt. Evans although Chief Garman did keep Sgt. Evans informed of the progress of the investigation by sending him copies of the written statements taken from the witnesses to the incident. (Decision of Civil Service Commission at 2, January 28, 1991.) Moreover, the Township did not suspend him without pay pending the determination of the charges against him, something the Township was clearly authorized to do under Section 903, but instead imposed a punishment of ten (10) days suspension without pay as authorized by Section 803 of the Civil Service Rules. Chief Garman had no authority to impose such a punishment; he was limited by the Civil Service Rules to a five (5) day suspension.

Because we find that Sgt. Evans was not suspended by the action of Chief Garman, but rather by the action of the Board, we hold that Section 804 of the Civil Service Rules does not govern Sgt. Evans' suspension, and charges need not be filed within five (5) days of the incident. Although here there was no time limitation on filing charges, the majority of the Board was required to vote to discipline Sgt. Evans, thus providing the safeguard of full Board consideration of whether to bring charges against a police officer. Moreover, Sgt. Evans was informed of the charges with specificity, well within the time specified by the Code, and therefore, there was no violation of applicable statutes. Therefore, we hold that the court of common pleas erred in reversing the decision of the Commission affirming Sgt. Evans' suspension. Accordingly, we re-

verse and remand for reinstatement of the ten (10) day suspension.

## *ORDER*

AND NOW, this 9th day of August, 1994, the order of the Court of Common Pleas of Butler County in the above-captioned matter is hereby reversed and the case is remanded for reinstatement of the ten (10) day suspension.

Jurisdiction relinquished.

FRIEDMAN, Judge, dissenting.

Because I believe that the Common Pleas Court of Butler County (trial court) properly concluded that the Butler Township Commissioners' delay in informing Sergeant Patrick Evans of his suspension and the 3½ year pendency of the suspension is "contrary to the very rationale underlying the enactment of a regulation such as [Butler Township Civil Service Regulation] Section 804(2)," I dissent.

In *Gardner v. Repasky*, 434 Pa. 126, 252 A.2d 704 (1969), our Supreme Court held that such a regulation is created to ensure certain rights to an individual charged with improper conduct, such as the right to be timely informed of the charges against that person and the right to take legal action. Here, the trial court found that Sergeant Evans was informed of his suspension seventy-six days after his alleged unbecoming conduct and that the suspension had been pending for more than three years since the date of the incident. Because these long delays in conjunction with the "looseness of the procedure" have denied Sergeant Evans the protection afforded by Section 804(2) and due process, I agree with the trial court's finding that the Butler Township Civil Service Commission's decision was invalid pursuant to the time restriction contained in Section 804(2) and would affirm the trial court's order.

Accordingly, I dissent.