[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
On October 19, 1994, the plaintiff, Phillip J. Krebs, filed a five count third amended complaint against the defendant, Wachovia Bank of North Carolina. On December 8, 1994, the defendant filed a motion to strike the language "statutory damages pursuant to CT Page 4721 Conn. Gen. Stat. § 42a-9-507(1), sentence 3" contained in the fourth count on the ground that the count fails to state a claim pursuant to General Statutes § 42a-9-507.
The fourth count of the plaintiff's third amended complaint alleges the following facts: on October 25, 1986, the plaintiff purchased a 1986 BMW for personal use pursuant to a Note and Purchase Money Agreement dated October 25, 1986; on or after October 25, 1986, the dealer assigned its interest in said Agreement to the defendant; and on January 8, 1992, the defendant repossessed the BMW.
In connection with the repossession, the defendant allegedly failed to proceed under General Statutes § 42a-9-501 or §42a-9-503, or in a commercially reasonable manner, in one or more of the following:
 (a) repossession after plaintiff had mailed more than the number and amounts of payment due under the terms of the contract;
 (b) repossession when, at most, defendant had claimed that $769.15 was due after plaintiff had made payments by mail totaling $28,091.11;
 (c) repossession at a cost of $325.80 in repossession charges when the debt was claimed only to be $776.17 and plaintiff had mailed and defendant had received a payment of $460.51 which it had not credited to plaintiff's balance;
 (d) failure to provide advance notice of repossession;
 (e) failure to give plaintiff timely or proper notice, or notice in accordance with the terms of its contract, that any balance was due prior to repossession;
 (f) demand for amounts not due or owing as a condition to redemption of the vehicle;
 (g) taking plaintiff's personal property in which the defendant had no personal security interest; CT Page 4722
 (h) imposing illegal, excessive or unreasonable repossession charges;
 (i) damage to the vehicle during the time it was in the actual or constructive possession of the defendant;
(j) claiming an amount greater than owed.
The plaintiff claims actual damages, statutory damages pursuant to Connecticut General Statutes § 42a-9-507(1), sentence 3, together with costs and attorney's fees pursuant to § 42-150bb, and such other relief as is just and equitable.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint." NovametrixMedical Services v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). Practice Book § 152 outlines proper grounds upon which a party can attack the legal sufficiency of a pleading.
One such ground is to challenge "the legal sufficiency of any prayer for relief in any such complaint, counterclaim or crossclaim." Practice Book § 152; See LiBrandi v. City ofStamford, 3 Conn. L. Rptr. 364 (1991) (Ryan, J.) "A motion to strike raising claims of legal insufficiency [must] separately set forth each such claim of insufficiency and distinctly set forth the reason or reasons for each such claimed insufficiency." North Park Mortgage Service v. Pinette,27 Conn. App. 628, 630, 608 A.2d 714 (1992).
In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion. Blancato v.Feldspar Corporation, 203 Conn. 34, 44, 522 A.2d 1235 (1987). In ruling on a motion to strike, the court is "limited to the facts alleged in the complaint" and "must construe those facts most favorably to the plaintiff." Novametrix Medical Services v. BOCGroup, Inc., supra, 224 Conn. 215. "A motion to strike admits all facts well pleaded." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
The defendant argues that the court should strike the language "statutory damages pursuant to Conn. Gen. Stat. § 42a-9-507(1), sentence 3" contained in the fourth count of the plaintiff's third amended complaint on the ground that the count fails to state a CT Page 4723 claim pursuant to General Statutes § 42a-9-507 because the plaintiff fails to allege that the defendant sold or otherwise disposed of the subject vehicle.
The plaintiff argues that the court should deny the defendant's motion to strike because the language "in any event" provided in § 42a-9-507 should be interpreted to mean "whether the collateral has been disposed of or not" thereby bringing count four of the third amended complaint within the scope of § 42a-9-507.
General Statutes § 42a-9-507 states, in pertinent part:
 (1) If it is established that the secured party is not proceeding in accordance with the provisions of this part disposition may be ordered or restrained on appropriate terms and conditions. If the disposition has occurred the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this part. If the collateral is consumer goods, the debtor has a right to recover in any event an amount not less than the credit service charge plus ten per cent of the principal amount of the debt or the time price differential plus ten per cent of the cash price.
Subsection one of § 42a-1-106 provides, in pertinent part, that "[t]he remedies provided by this title [Title 42a, Uniform Commercial Code] shall be liberally administered. . . ." "Penal statutes . . . are not to be construed so as to disregard the context in which they exist or to frustrate the obvious intent of the legislature." State v. Kozlowski, 199 Conn. 667, 678,509 A.2d 20 (1986).
"The Uniform Commercial Code's drafters included the statutory penalty for consumer goods in Section 9-507(1) because they believed that compensatory damages would not be a sufficient deterrent in the average consumer case." (Internal quotation marks omitted.) Jacobs v. Healey Ford-Subaru Inc., 231 Conn. 707,723, A.2d (1995); see 2 J. White R. Summers, Uniform Commercial Code (3d Ed. 1988) § 27-18, p. 623. "They intended that CT Page 4724 the statute would provide the minimum recovery for consumers who prove that a secured party did not proceed in accordance with the Uniform Commercial Code." Id; see 9 R. Anderson, Anderson on the Uniform Commercial Code 9-507:3 (1985).
"The purpose of . . . [UCC § 9-507] is to encourage creditors to comply with all provisions of part 5 or face the consequences of noncompliance." (Internal quotation marks omitted.) Jacobs v.Healey Ford-Subaru Inc., supra, 231 Conn. 724. "[T]he drafters created a statutory penalty in UCC [§] 9-507 to up the ante for those who would abuse the consumer because in most cases, compensatory damages are an insufficient deterrent to creditor misbehavior in nickel and dime consumer transactions where such damage will amount to very little. . . ." (Internal quotation marks omitted.) Id; see 2 J. White R. Summers, Uniform Commercial Code (3d Ed. 1988) § 27-18, p. 623. "The penalty evinces a strong policy by the UCC drafters and our Legislature that the best protection for consumers is creditor compliance with all of the default provisions of part 5." (Internal quotation marks omitted.) Id. "A flat penalty for noncompliance is the means chosen by the framers of the UCC and our Legislature to ensure that creditors take careful steps to comply with those default provisions." (Internal quotation marks omitted.) Id.
"Since the section covers all violations of Part Five, it entitles the aggrieved party to recovery not just for an improper resale, but also for an improper repossession. . . ." (Footnote omitted.) 2 J. White R. Summers, Uniform Commercial Code (3d Ed. 1988) § 27-18, 622. "[T]he second sentence of 9-507(1) reads, in part: If the disposition has occurred the debtor . . . has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this Part. The `if' can be read as a condition so that a creditor might argue that resale of the collateral is a condition precedent to liability under 9-507 and, for instance, that a debtor has no damage remedy for the creditor's violation of the Code when he repossesses and retains the collateral under 9-505(2)." (Emphasis omitted; internal quotation marks omitted.) Id., 622, n. 2. "However, Comment 2 to 9-505 says that if the secured party violates the requirements of that section he is liable in conversion or alternatively may incur the liabilities set out in section 9-507. Thus . . . [one may] conclude that the section is intended to grant a statutory damage remedy for any violation of Article Nine, Part Five." (Internal quotation marks omitted.) Id. CT Page 4725
To state a valid claim under § 42a-9-507, a party must merely plead sufficient facts to establish a violation of Article Nine, Part Five of the Code. The plaintiff sufficiently pleaded such facts, alleging the defendant's failure to proceed in accordance with § 42a-9-501 or § 42a-9-503. Therefore, the fourth count of the plaintiff's complaint states a valid claim under General Statutes § 42a-9-507.
In keeping with the public policy behind the promulgation of the rule, the disposition of wrongfully repossessed consumer goods need not occur for the creditor to be liable for statutory damages pursuant to section 42a-9-507. The phrase "in any event" in sentence three of § 42a-9-507(1) should be interpreted as "whether disposition of the collateral has occurred or not." Accordingly, the defendant's motion to strike certain damage claims contained in the fourth count of the plaintiff's third amended complaint is denied.
Robert A. Martin, Judge