[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE #172 #174
The plaintiff, Robert E. Henry, commenced this action against the defendants, Dan Perkins Subaru, (hereinafter "DPS") and Family Leasing Finance, Inc., (hereinafter "Family"), by filing a third amended complaint on November 30, 1995. The plaintiff alleges that he entered into a purchase and sale agreement for a 1989 Subaru with DPS. Pursuant to a "Used Car Satisfaction Guarantee" he attempted to exchange the Subaru on two separate occasions and was told on each occasion that the car he wanted in exchange was not available for the plaintiff to purchase. Subsequently, the plaintiff alleges that he exchanged his Subaru for a Volkswagen Golf and was told by DPS that he could finance the purchase of the car through Family. The plaintiff subsequently signed a Retail Installment Sales Finance Act Contract (RISFA) with Family. The plaintiff alleges that DPS failed to disclose that Family was a subsidiary of DPS. The plaintiff further alleges that DPS represented to him that he was required to purchase an extended service contract as well as life and disability insurance policies CT Page 1319-UUUU in connection with the RISFA contract. The plaintiff alleges that after returning the Golf to DPS because of mechanical difficulties and informing DPS that plaintiff learned of the affiliation between DPS and Family, DPS offered to remedy the mechanical difficulties if plaintiff executed a "purported release" of DPS based upon the misrepresentation of Family's affiliation to DPS. The plaintiff further contends that DPS failed to remedy the mechanical problems with the Golf.
The plaintiff brings claims against each defendant for violations of CUTPA pursuant to General Statutes § 42-110a et seq., fraud, negligent misrepresentation, violations of The Federal Truth in Lending Act pursuant to 15 U.S.C. § 1602, Wrongful Repossession and Defamation by Family, and Fraudulent Inducement by DPS.
On December 15, 1995 two motions to strike were filed separately by each of the named defendants, accompanied by a memorandum in support of its' motions. DPS moves to strike counts one, six and nine of the plaintiff's third amended complaint. Family moves to strike counts two, four, five, seven and ten of the plaintiff's third amended complaint. On January 5, 1996, the plaintiff filed an objection to the defendants' motions to strike along with a memorandum in support of his objection.
A motion to strike contests the legal sufficiency of a pleading. Practice Book § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel, 228 Conn. 358, 372, 636 A.2d 786
(1994). A motion to strike, "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.)Mingachos v. CBS, Inc. 196 Conn. 91, 108, 491 A.2d 368 (1985). The court "is limited to the facts alleged in the complaint . . . as well as grounds specified in the motion. . . . The court will not uphold the granting of the motion to strike on a ground not alleged in the motion or relied upon by the trial court." (Citation(s) omitted.) Blancato v. Feldspar Corp., 203 Conn. 34,44, 522 A.2d 1235 (1987).
"In reviewing the granting of a motion to strike, the facts alleged in the complaint must be construed in a light most favorable to the pleader. If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). CT Page 1319-VVVV
 I.
The defendants argue that counts one and two, alleging violations of CUTPA under General Statutes § 42-110a et seq., should be stricken on the grounds that the conduct which the plaintiff alleges violated CUIPA, General Statutes § 38a-816(1), does not fall within any of the statute's specifically itemized categories of proscribed conduct and that the plaintiff's claim that DPS failed to honor a guarantee is too vague and conclusory. Family further contends that the plaintiff's claim within the CUTPA count based on an alleged violation of the Creditors Collection Practices Act, General Statutes § 36-243 is improper since there exists no private cause of action under this statute.
In counts one and two, the plaintiff's allegations consist of a variety of conduct and practices engaged in by the defendants that allegedly constitute a violation of CUTPA. The defendants' arguments in support of striking these counts are based on two paragraphs in a count that consists of 42 paragraphs. The courts have consistently held that "a motion to strike is not the proper procedural tool to use when seeking to strike individual paragraphs of a count complained in a complaint . . . and it shall not remove such pleading or count so far as the same is applicable to any other cause of action or defense." Kinosh v. Stephen Chevrolet,Inc., Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 0506307, (February 10, 1993, Dunn, J.). See also Zavo v. Montanaro, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313902, (January 25, 1995, Cocco, J.) (holding that a motion to strike a single paragraph is technically improper when the paragraph does not purport to state a cause of action); Jaramillo v. Adis, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 300969 (May 5, 1993, Ballen, J., 8 CSCR 660); Michaud v. St. Mary's Hospital, Superior Court, judicial district of Waterbury, Docket No. 099015 (August 21, 1991, Byrne, J., 6 CSCR 821).
Because the defendants are attempting to attack the legal sufficiency of certain paragraphs in an otherwise viable CUTPA count, their motion to strike counts one and two of the plaintiff's complaint are denied.
 II.
The defendant, Family, argues that count four, alleging CT Page 1319-WWWW wrongful repossession, should be stricken on the grounds that the plaintiff has failed to allege that Family engaged in any conduct that violated General Statutes § 42a-9-501[1] et seq. and because the plaintiff has not alleged that Family's alleged statutory violation caused the plaintiff damages recoverable under General Statutes § 42a-9-507.
The plaintiff alleges that Family failed to comply with General Statutes § 42a-9-501 by failing to issue a proper Notice of Repossession, and did not cash the plaintiff's August payment for the Golf, thus intentionally causing the plaintiff to go into default under the RISFA contract.
In Krebs v. Wachovia Bank of North Carolina, Superior Court, judicial district of New Haven at New Haven, Docket No. 345519, (May 5, 1995, Martin, J., 14 Conn. L. Rptr. 256), the court held that the plaintiff sufficiently pleaded facts demonstrating that the defendant failed to proceed in accordance with General Statutes § 42a-9-501 by alleging, among other things, that the defendants repossessed the vehicle after the plaintiff mailed more than the number and amounts of payment due, the plaintiff had mailed and defendant had received a payment which it had not credited to plaintiff's balance and the defendant failed to provide advance notice of repossession. Based on the facts of Krebs, the plaintiff, has sufficiently pleaded that the defendant failed to act in accordance with General Statutes § 42a-9-501.
Furthermore, the plaintiff has alleged a valid claim for damages under General Statutes § 42a-9-507, because "a party must merely plead sufficient facts to establish a violation of Article Nine, Part Five of the Code." Id. Therefore, since the fourth count of the plaintiff's complaint states a valid claim under General Statutes 42a-9-501 and 42a-9-507, the defendant's motion to strike count four is denied.
 III.
The defendant, Family, argues that count five, alleging defamation, should be stricken on the ground that dissemination of false statements among employees of the corporate defendant is insufficient to constitute publication, an essential element of defamation.
"A defamation action is based on the unprivileged communication of a false statement that tends either to harm the CT Page 1319-XXXX reputation of another by lowering him in the estimation of the community or to deter others from dealing or associating with him."Gillette v. Town of New Milford, Superior Court, judicial district of Tolland at Rockville, Docket No. 054791 (September 16, 1992, Klaczak, J.). See Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 316, 477 A.2d 1005 (1984). "Publication and harm to reputation are two necessary elements of the defamation cause of action. Miles v. Perry, 11 Conn. App. 584, 601, n. 11,529 A.2d 199 (1987). Moreover, "[t]he standard of fault applicable to private individuals requires the plaintiff to prove a negligent misstatement of fact." Id. at 588.
In count five the plaintiff alleges that the defendant, Family, published a defamatory letter and such letter was published to a third party when its author, David Danilowitz, shared the letter with other employees of Family and DPS. The defendant argues that such intracorporate communications do not constitute defamation.
In addressing the issue of intracorporate communications in an action for defamation, the supreme court held, "[a]lthough intracorporate communications once were considered by many courts not to constitute publication of a defamatory statement, that view has been almost entirely abandoned, and we reject it here."Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc., 234 Conn. 1,27, 662 A.2d 89 (1995).[2] See also Battista v. UnitedIlluminating Co., 10 Conn. App. 486, 489, 523 A.2d 1356, cert. denied, 204 Conn. 803, 525 A.2d 1352 (1987) (affirming finding of defamation where corporation accused plaintiff employee of theft in letter that was sent to plaintiff and three other agents of corporation). Thus, the defendant's motion to strike count five is denied.
 IV.
The defendants argue that counts six and seven, alleging fraud, should be stricken on the ground that the plaintiff has failed to allege an essential element of a fraud claim.
A cause of action in fraud must properly consist of four elements: "(1) a false statement was made as a statement of fact; (2) the statement was known to be untrue by the party making it; (3) it was made to induce the other party to act on it; and (4) the latter party did rely on the statement to his detriment."Billington v. Billington, 220 Conn. 212, 217, 595 A.2d 1377 (1991). CT Page 1319-YYYYWeb Press Service Corp v. New London Motors, Inc., 203 Conn. 342,362, 525 A.2d 57 (1987).
The defendants argue that the plaintiff has failed to allege the second element of fraud, that the defendants knew the statements it made were false at the time they were made. In count six the plaintiff alleges that "DPS represented to plaintiff that Family was a "bank" unrelated to DPS when, in fact, DPS and Family were and are related corporations." In count seven, the plaintiff alleges, inter alia, that Family falsely represented to the plaintiff that he was required to buy the extended service contract and life and disability insurance. Reading these allegations in the light most favorable to the pleader, such allegations are sufficient to demonstrate that the defendants knew the statements were false at the time they were made. Moreover, "the modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically." (Citation omitted; internal quotation marks omitted.) Dornfried v.October Twenty-Four, Inc. 230 Conn. 622, 629, 646 A.2d 712 (1994).
Furthermore, "the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded and do substantial justice between the parties." (Citation omitted; internal quotation marks omitted.) Id. Thus, counts six and seven allege sufficient causes of action for fraud. Therefore, the defendants' motion to strike counts six and seven is denied.
 V.
The defendants argue that counts nine and ten, alleging negligent misrepresentation, should be stricken on the ground that the plaintiff fails to allege an essential element of a negligent misrepresentation claim.
The supreme court has set forth the elements of negligent misrepresentation: "One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 575657 A.2d 212 (1995); D'Ulisse-Cupo v. Board of Directors of Notre DameHigh School, 202 Conn. 206, 218, 520 A.2d 217 (1987). "[E]ven an CT Page 1319-ZZZZ innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know or has the duty of knowing the truth." Williams Ford Inc. v. Hartford Courant Co., supra, 232 Conn. 575.
The defendants contend that the plaintiff has failed to allege that the defendants knew the statements it made were false at the time they were made. In counts nine and ten the plaintiff alleges that DPS and Family, through its agent DPS, represented to the plaintiff that he was required to purchase an extended service contract as well as life and disability insurance, and that such representations were false when made. Although the plaintiff does not specifically state that the defendants' knew the statements were false when made, the counts are still sufficient to withstand a motion to strike. "[U]nder the rules of practice governing pleading, a party may plead legal effect as long as the pleading fairly apprises the adverse party of the state of facts which it is intended to prove." D'Ulisse-Cupo v. Board of Directors ofN.D.H.S., supra, 202 Conn. 220. The court went on to state that "although numerous courts have quoted directly from the Restatement Second in describing the elements of an action for negligent misrepresentation, we have discovered no cases, nor have the defendant's furnished any, in which a court has struck a claim for negligent misrepresentation merely because the complaint lacked such an allegation." Id. Thus, because the plaintiff has sufficiently pleaded a claim for negligent misrepresentation, the defendants' motion to strike counts nine and ten is denied.
Accordingly, the defendants' motion to strike counts, one, two, four, five, six, seven and ten of the plaintiff's third amended complaint are denied in their entirety.
LAWRENCE L. HAUSER, JUDGE