YORK TOWNSHIP BOARD
OF COMMISSIONERS

v.

Lewis A. BATTY, Appellant.

Commonwealth Court of Pennsylvania.

Submitted April 11, 1997.

Decided May 28, 1997.

Sean T. Welby, Harrisburg, for appellant.

Brad M. Toborowsky, Philadelphia, for appellee.

Before DOYLE and FRIEDMAN, JJ., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Appellant Lewis A. Batty appeals from a September 17, 1996 order of the York County Court of Common Pleas reversing a decision of the York Township Civil Service

Commission (Commission) and reinstating his discharge from the York Township Police Department. We affirm.

On April 16, 1995, when off-duty, Officer Batty operated his motor vehicle while under the influence of alcohol and struck a utility pole. He was arrested by another York Township police officer for DUI and careless driving and was accepted into an Accelerated Rehabilitation Disposition program. On April 17, 1995, the York Township Manager sent Officer Batty a letter advising him that he had been placed on administrative suspension during the investigation of the DUI incident.

At a May 9, 1995 executive session, the York Township Board of Commissioners (Board) voted to remove Officer Batty from his position for conduct unbecoming an officer. He filed a timely appeal of the Board's decision and requested a hearing before the Commission. After hearings, the Commission issued a decision concluding that Officer Batty was guilty of conduct unbecoming an officer, but that the penalty of discharge imposed by the Board was "arbitrary and unreasonable." Accordingly, the Commission reinstated Officer Batty to his position and imposed a sixty-day suspension without pay.

The Board appealed the Commission's decision to the trial court. On September 17, 1996, the court reversed the decision of the Commission and reinstated the penalty imposed by the Board. Officer Batty's appeal to this Court ensued.

◼ On appeal, Officer Batty raises the following issues for our review: 1) whether the trial court erred in assuming jurisdiction over the appeal when the Commission had not been joined as an indispensable party; and 2) whether the trial court exceeded its scope of review in reversing the Commission's determination that the penalty was arbitrary where the Board failed to offer any evidence to justify its selection of the penalty. Our scope of review, where the trial court has taken no additional evidence, is limited to determining whether the Commission abused its discretion or committed an

error of law. *Evans v. Butler Township Civil Service Commission,* 166 Pa.Cmwlth. 503, 646 A.2d 709 (1994), *petition for allowance of appeal denied,* 544 Pa. 615, 674 A.2d 1077 (1996).

Officer Batty argues, initially, that the trial court did not have jurisdiction over the Board's appeal because it did not join the Commission as an indispensable party. He argues that the Commission has an important interest in defending its determination and that any decision rendered on the validity of that determination without the Commission's participation prevented the Commission from carrying out its duty of ensuring compliance with the civil service provisions of The First Class Township Code (Code).[1]

◼ A party is indispensable when it has such an interest that a final decree cannot be made without affecting it or leaving the controversy in such a condition that a final determination may be wholly inconsistent with equity and good conscience. *Mechanicsburg Area School District v. Kline,* 494 Pa. 476, 431 A.2d 953 (1981); *Fontaine v. Wissahickon School District,* 658 A.2d 851 (Pa.Cmwlth.1995). An indispensable party is one whose rights are so connected with the claims of the litigants that no relief can be granted without infringing upon those rights. *Piper Aircraft Corp. v. Insurance Co. of North America,* 53 Pa.Cmwlth. 209, 417 A.2d 283 (1980).

In the case at bar, the trial court rejected Officer Batty's argument that the Commission should have been joined as an indispensable party, based upon the fact that the Code does not provide for legal representation of the Commission on appeal to the common pleas court. Section 645 of the Code, 53 P.S. § 55645, provides in part:

> The township commissioners and the person sought to be suspended, removed or demoted shall at all times have the right to employ counsel before the commission and upon appeal to the court of common pleas.

The court reasoned that if the Legislature had intended the Commission to be a party on appeal to the court of common pleas, it

**1.** Act of June 24, 1931, P.L. 1206, *as amended,* 53   P.S. §§ 55101–58502.

would have provided for representation of the Commission.[2]

■ We agree with the Township that the Code, in its civil service provisions, confers no mandatory duty on a commission to defend its decision on appeal or even participate as an indispensable party. Moreover, applying the above-cited general principles to this case, we do not believe the Commission was indispensable to the trial court's decision. The Commission has no interest in the outcome of the litigation and no rights that will be affected thereby. Accordingly, the trial court did not err in assuming jurisdiction over the Board's appeal.

■ The second issue raised by Officer Batty addresses the merits of his appeal, namely whether the trial court erred in reversing the Commission's decision that the penalty of discharge was arbitrary. The Commission, in reviewing disciplinary actions against civil servants, must determine whether the charges brought against the employee are supported by the evidence, whether the penalty imposed is not otherwise prohibited, and whether the selection of the penalty is not arbitrary, discriminatory or an abuse of discretion. *Herrmann v. Civil Service Commission of Borough of Jenkintown,* 84 Pa. Cmwlth. 211, 478 A.2d 961 (1984). The trial court concluded that, contrary to the Commission's conclusion, the Board's decision to remove Officer Batty was not arbitrary, discriminatory, or an abuse of discretion. Officer Batty argues that the Board's decision was arbitrary because the Township presented no evidence before the Commission to justify the penalty imposed.[3]

■ Section 644 of the Code, 53 P.S. § 55644, provides in part as follows:

No person employed in any police or fire force of any township shall be suspended, removed or reduced in rank except for the following reasons .... (4) inefficiency, ne-

glect, intemperance, disobedience of orders, or conduct unbecoming an officer. In this case, Officer Batty was discharged for "conduct unbecoming an officer" under Section 644. (R.R. at 171a–172a.) As this Court has explained:

To demonstrate "conduct unbecoming" a police officer, it must be shown that his conduct adversely affected the morale or efficiency of the police force or tended to destroy public respect for municipal employees and confidence in the operation of municipal services.

*Kazmarek v. New Bethlehem Borough Council,* 84 Pa.Cmwlth. 19, 478 A.2d 514 (1984). Further, "police officers are held to a higher standard of conduct than ordinary citizens and are expected to conduct themselves lawfully and properly." *Philadelphia Civil Service Commission v. Ross,* 141 Pa.Cmwlth. 1, 595 A.2d 200, 201–202 (1989). Moreover, a police officer's off-duty misconduct may be "unbecoming" so as to justify discharge. *See, e.g., Civil Service Commission of the City of Philadelphia v. Wojtusik,* 106 Pa. Cmwlth. 214, 525 A.2d 1255 (1987).

The Commission concluded that the Township has met its burden of proving that Officer Batty participated in conduct unbecoming an officer. It concluded, nonetheless, that the penalty imposed by the Board was arbitrary and unreasonable, for a number of reasons, including the fact that "[t]his violation, standing alone and without prior written reprimands or warnings, was not adequate grounds for removal." (Conclusion of Law No. 21.F; R.R. at 388a.) The trial court disagreed, concluding that under Section 644 of the Code, all that the Board was required to prove was conduct unbecoming an officer, which the Commission found that it had, and that no additional reason for the dismissal is required.

■ We conclude that the Board was within its authority in discharging Officer

---

2. The trial court also concluded that the Commission is not "interested" in the subject matter of a petition for review of its action, similar to the Environmental Hearing Board and the State Civil Service Commission under Pa. R.A.P. 1513.

3. The Board did present testimony regarding two prior disciplinary actions taken against Officer Batty 13 and 14 years ago. Although evidence of the earlier discipline was rejected by the Commission as immaterial, the trial court concluded that this testimony did support the Board's imposition of the discharge as a penalty.

Batty for the DUI as "conduct unbecoming an officer," and that Commission abused its discretion and committed an error of law in reducing the discharge to a suspension. The Commission clearly erred in imposing upon the Board the burden of producing evidence to justify the penalty imposed, a burden which is not required by the Code. A police officer may be removed for conduct unbecoming an officer, and it is undisputed that Officer Batty's conduct in this case was such. Certainly it destroys public respect for, and confidence in, municipal employees for a local police officer, entrusted with enforcing the drunk driving laws of this Commonwealth, to be arrested for DUI. Because the Board had the authority to discharge Officer Batty for this conduct, the Commission erred in reducing the discharge to a suspension, and the trial court correctly reinstated the discharge.

Accordingly, we affirm the trial court's order.

### ORDER

AND NOW, this 28th day of May, 1997, the order of the Court of Common Pleas of York County, dated September 17, 1996 is hereby affirmed.